GREAT LAKES STEEL DIVISION, NATIONAL STEEL
CORPORATION v DEPARTMENT OF LABOR

Docket No. 119842. Submitted January 16, 1991, at Detroit. Decided
July 30, 1991; approved for publication October 1, 1991, at 9:00
A.M.

Great Lakes Steel Division, National Steel Corporation, peti-
tioned the Wayne Circuit Court for review of a decision by the
Board of Health and Safety Compliance and Appeals, Bureau of
Safety and Regulation, Construction Safety Division, Depart-
ment of Labor. The board had decided that Great Lakes, whose
primary business is manufacturing and not construction, was
subject to the construction safety standards of the Michigan
Occupational Safety and Health Act, MCL 408.1001 *et seq.*;
MSA 17.50(1) *et seq.*, and that it properly could be cited by the
bureau for alleged violations of those standards with regard to
a construction project performed for its benefit on its premises
by its own employees. The court, Michael L. Stacey, J., reversed
the decision of the board and dismissed the citations. The
Department of Labor appealed.

The Court of Appeals *held:*

1. Pursuant to MCL 408.1019; MSA 17.50(19), the construc-
tion safety standards are designed to protect the lives and
safety of employees engaged in construction operations.

2. MCL 408.1004(4); MSA 17.50(4)(4) defines "construction
operations" as work activity designated in major groups 15, 16,
and 17 of the standard industrial classification manual of the
United States Bureau of the Budget. While major groups 15,
16, and 17 consist of industries primarily engaged in construc-
tion, the clear and unambiguous language of § 4(4) leads to the
conclusion that the construction safety standards apply to all
construction operations designated in major groups 15, 16, and
17, regardless of the employer's primary business.

3. Remand is required for resolution of the petitioner's claim

REFERENCES
Am Jur 2d, Plant and Job Safety-OSHA and State Laws § 137.
See the Index to Annotations under Occupational Safety and
Health.

that the citations should be dismissed on constitutional grounds.

Reversed and remanded.

MASTER AND SERVANT — MICHIGAN OCCUPATIONAL SAFETY AND
     HEALTH ACT — CONSTRUCTION SAFETY STANDARDS.

The construction safety standards promulgated pursuant to the Michigan Occupational Safety and Health Act apply to construction operations performed by an employee for an employer whether or not the employer's primary business is construction (MCL 408.1004[4]; MSA 17.50[4][4]).

*Burley Barton Misko & Falzone, P.C.* (by *D. James Barton* and *Benjamin A. Kerner*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Gregory T. Taylor,* Assistant Attorney General, for the respondent.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR. and MICHAEL J. KELLY, JJ.

PER CURIAM. Petitioner, a steel manufacturer, was cited by respondent for violations of the construction safety standards promulgated pursuant to the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.* At the time of the inspection, petitioner's employees were modifying a mechanical shop to house the controls for new electrogalvanizing equipment. The work performed was on petitioner's property and for petitioner's own account.

Petitioner subsequently filed with the hearing referee a motion to dismiss the citations, claiming that the construction safety standards did not apply to petitioner because it was a manufacturer and not a contractor. The referee agreed with petitioner and dismissed the citations. The referee found that the construction safety standards applied only to construction operations and that,

according to the standard industrial classification manual (SICM), petitioner's employees were not engaged in construction activities because petitioner is a manufacturer, not a contractor.

The Board of Health and Safety Compliance and Appeals, in reversing the decision of the hearing referee, found that the construction safety standards applied according to the work performed without regard to the industry in which the employer is classified. The board determined that the Legislature intended that the construction safety standards apply to work described in the relevant sections of the SICM rather than to the establishments classified under those sections.

Petitioner appealed to the Wayne Circuit Court, which reversed the decision of the board and dismissed the citations. The circuit court essentially agreed with the referee and found that, because petitioner was not primarily engaged in construction operations as defined in the SICM, the construction safety standards did not apply. This appeal ensued.

The MIOSHA provides for the promulgation and enforcement of construction safety standards. MCL 408.1019; MSA 17.50(19); MCL 408.1013; MSA 17.50(13). Section 19 provides that the construction safety standards are designed to protect employees "engaged in construction operations." MCL 408.1004(4); MSA 17.50(4)(4) defines "construction operations" as follows:

> "Construction operations" means the work activity designated in major groups 15, 16, and 17 of the standard industrial classification manual, United States bureau of the budget, 1972 edition.

The purpose of the standard industrial classification system is to facilitate the collection, tabula-

tion, presentation, and analysis of data relating to establishments. Another purpose is to promote uniformity and comparability in the presentation of statistical data collected by various agencies of the United States government, state agencies, trade associations, and private research organizations. The SICM classifies businesses by industry. A business' "primary activity" determines its industry. Industries are categorized into groups, which form major groups, which are then classified into divisions. Major groups 15, 16, and 17 fall within the construction division.

Each industry classified under major groups 15, 16, and 17 contains a list of specific activities. If a business is "primarily engaged" in one of the enumerated activities, it is classified under that industry. Accordingly, a business conducting an activity designated as construction would nonetheless not be classified under the construction division . if the business' "primary activity" is not construction. The construction division as a whole also specifically excludes businesses conducting "force account construction," which is construction performed by a business primarily engaged in some activity other than construction, for the business' own account and by its own employees.

In this case, petitioner was engaged in construction activity at the time it received the citations. However, petitioner clearly is not "primarily engaged" in construction. Petitioner is primarily engaged in manufacturing. The issue for decision is whether the MIOSHA construction safety standards apply to all construction activities designated under major groups 15, 16, and 17 of the SICM or to activities of businesses so classified under those major groups. Simply put, did the Legislature intend that the standards be applied according to the activity performed by the employee or the industry under which the employer

is classified? No Michigan case law addressing this issue has been presented.

When statutory language is clear and unambiguous, its plain meaning cannot be varied by judicial interpretation. The Legislature must have intended the meaning it plainly expressed, and the statute must therefore be enforced as written. However, when an ambiguity exists in a statute, a court may refer to the history of the legislation in order to determine the underlying intent of the Legislature. *Tope v Howe,* 179 Mich App 91, 102; 445 NW2d 452 (1989).

The pertinent statutory language in this case is MCL 1004(4); MSA 17.50(4)(4). That provision applies the construction safety standards to "work activity" designated in major groups 15, 16, and 17 of the SICM. We find that the statute unambiguously applies the construction safety standards to construction activities without regard to the employer's classification. The definition of "construction operations" does not contain any indication that the standards are to be applied according to the employer's classification. Cf., e.g., *Carr v Detroit Edison Co,* 49 Mich App 332; 212 NW2d 70 (1973). The fact that the SICM classifies establishments does not affect the plain meaning of the statute. The manual was established to classify businesses for statistical purposes. Subsection 4(4) merely refers to work activity found under certain classifications established in the manual. We refuse to read into the statute an intent that the standards apply to the work activity "of establishments" designated in the applicable major groups.

Petitioner alternatively argues that the citations should be dismissed on constitutional grounds. Because these arguments were raised below but not addressed, we remand for their resolution.

Reversed and remanded. We do not retain jurisdiction.