NEW HAMPSHIRE INSURANCE COMPANY v CHARLEVOIX
COUNTY ROAD COMMISSION

Docket No. 127645. Submitted March 11, 1992, at Grand Rapids.
Decided April 7, 1992, at 9:40 A.M.

New Hampshire Insurance Company, as subrogee of its insured,
Harry Holden, brought an action in the Charlevoix Circuit
Court against the Charlevoix County Road Commission and
others, seeking contribution toward amounts it paid or will pay
in settlement of a wrongful death action brought against
Holden and others by Joan Klein. The decedent had sustained
fatal injury on a boat operated by Holden when the boat struck
a bridge maintained by the road commission. The court, Rich-
ard M. Pajtas, J., granted summary disposition for the defen-
dants, ruling that the action for contribution was barred under
the applicable statute of limitations, MCL 600.2925c(4); MSA
27A.2925(3)(4). The plaintiff appealed.

The Court of Appeals *held:*

Section 2925c(4) allows a tortfeasor against whom a judgment
for injury or wrongful death has not been entered to seek
contribution from any joint tortfeasors for a payment in dis-
charge of the common liability. Where the common liability is
discharged before a tort action is filed, the right of contribution
may be asserted only if the common liability is paid within the
period of limitation for the tort claim and if the action for
contribution is commenced within a year of such payment.
Where the common liability is discharged by agreement while a
tort action is pending, the right of contribution may be asserted
only if, within a year of the agreement, the common liability is
paid and the action for contribution is commenced.

The trial court in this case correctly determined that the
action for contribution is barred by the second clause of the
statute of limitations. The plaintiff commenced its action more

REFERENCES

Am Jur 2d, Contribution §§ 18, 38, 100-105, 125; Limitation of
Actions § 287; Negligence § 1248.

When statute of limitations commences to run against claim for
contribution or indemnity. 57 ALR3d 867.

than one year after the agreement that settled the wrongful death action.

Affirmed.

LIMITATION OF ACTIONS — CONTRIBUTION — SETTLEMENT — UNDERLYING ACTIONS IN TORT.

An action for contribution toward amounts paid or to be paid in settlement of an action for personal injury or wrongful death must be commenced within one year of an agreement to settle the action (MCL 600.2925c[4]; MSA 27A.2925[3][4]).

*Provizer, Lichtenstein, Pearlman & Phillips, P.C.* (by *Marilyn A. Madorsky* and *William J. Selinsky*), for New Hampshire Insurance Company.

*Peacock, Fordney, Cady & Ingleson, P.C.* (by *Jo Ellen O'Connor*), for Charlevoix County Road Commission.

*Gage, Beach & Ager* (by *Noel A. Gage* and *Eugene H. Beach, Jr.*), for Wellcraft Marine Company and Genmar Industries, Inc.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right from an order dismissing its claim for contribution and indemnification. The court concluded that plaintiff had not filed its claim within the one-year period required by the statute of limitations. MCL 600.2925c(4); MSA 27A.2925(3)(4); MCR 2.116(C)(10). We affirm.

The claim for contribution arose from a wrongful death action filed by Joan Klein against Harry Holden and Harry Holden Leasing. On August 23, 1986, Joan Klein and her husband, James, were passengers in a boat operated by Harry Holden and owned by the leasing company. They were traveling on Lake Charlevoix when they hit a bridge. James Klein was killed and Joan Klein

suffered severe injuries. Harry Holden was insured by New Hampshire Insurance Company. While the wrongful death litigation was pending, the parties reached an agreement. On March 23, 1988, the trial court entered an order approving the settlement of the wrongful death claim and the distribution of proceeds. On May 5, 1988, the parties actually signed the settlement agreement.

New Hampshire Insurance filed this claim for contribution on May 1, 1989, asserting liability against the Charlevoix County Road Commission for defective design of the bridge. It also charged Wellcraft Marine Company, the manufacturer of the boat, with defective design. Wellcraft is now an unincorporated division of Genmar Industries. The defendants filed a motion for summary disposition, claiming that plaintiff had failed to file within the one-year period of limitation. The court agreed and dismissed the claim.

The facts are not in dispute. The only issue involved is the interpretation of the statute of limitations. It provides in pertinent part:

> If there is not a judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right to contribution is barred unless he has discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within 1 year after payment, *or* unless he has agreed while action is pending against him to discharge the common liability and has, within 1 year after the agreement, paid the liability and commenced his action for contribution. [Emphasis added; MCL 600.2925c(4); MSA 27A.2925(3)(4).]

Plaintiff claims that either clause of the statute applies. It contends that it discharged the common

liability by payment within the three years applicable to Klein's claim and filed this action within one year of the payment on May 5, 1988. Under the latter clause, plaintiff claims it commenced the action within one year after the agreement to discharge the common liability on May 5, 1988. Defendants contend that the first clause of the statute is applicable to situations where there is no action pending when the tortfeasor settles with the claimant. The second clause is applicable to cases such as this where the settlement comes while an action between the claimant and the tortfeasor is pending. They claim that the agreement to discharge the common liability occurred, at the very latest, on March 23, 1988, when the court entered its order approving the settlement. The parties merely reduced their agreement to a formal writing on May 5, 1988.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit*, 176 Mich App 722, 730; 440 NW2d 654 (1989). If reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Dep't of Social Services v Brewer*, 180 Mich App 82, 84; 446 NW2d 593 (1989). In construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Melia v Employment Security Comm*, 346 Mich 544, 562; 78 NW2d 273 (1956). The court may look to the legislative history to ascertain the reason for the act and the meaning of its provisions. *Great Lakes Steel Division, National Steel Corp v Dep't of Labor*, 191 Mich App 323, 325; 477 NW2d 124 (1991).

The contribution statute is based on the Uniform Contribution Among Tortfeasors Act, 12 ULA

63 (1975). *Piper Aircraft Corp v Dumon,* 421 Mich 445, 458, n 10; 364 NW2d 647 (1984). The statute of limitations is virtually identical to the uniform act, which provides:

> If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either (1) discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within one year after payment, or (2) agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution. [Uniform Contribution Among Tortfeasors Act, § 3(d), 12 ULA 89.]

The commentary to this section states that the first clause applies to situations where liability has been settled without an action being filed. The second clause applies to situations where liability has been settled while an action was pending and before judgment. Commissioners Comment, Uniform Contribution Among Tortfeasors Act, § 3(d), p 90.

This interpretation of the section is consistent with other provisions of the statute that individually apply to specific situations, i.e., payment of a judgment after suit.

The Legislature had before it the commentary to the uniform act when it adopted the provisions of the statute. In accordance with the intent of the Legislature, we conclude that the first clause applies to situations where settlement between the claimant and the tortfeasor occurs before litigation. The second clause applies to situations where the settlement occurs while litigation is pending

between the claimant and the tortfeasor. In such a situation, payment must be made *and* the action for contribution commenced within one year of the agreement, which in this case was March 23, 1988.

Next, plaintiff claims that its agreement to discharge the common liability did not occur until the release agreement was signed on May 5, 1988. Plaintiff asserts that the order entered by the court on March 23, 1988, did not discharge anything. Joan Klein was free to pursue a claim against Wellcraft and the road commission until May 5, 1988.

Plaintiff admits, however, that as early as January 12, 1988, Joan Klein agreed to execute a release in favor of all parties and provide plaintiff its right to contribution. Subsequent correspondence between the attorneys confirm that the parties had agreed to the release as part of the settlement of the claim.

The motion and order approving the settlement asserted that a settlement had been negotiated between the parties. In fact, the motion made reference to proceeds from a contribution claim. Plaintiff admitted that there was an enforceable agreement to pay the funds. It is doubtful that it would claim that there was not an enforceable agreement for the release of liability if Joan Klein had accepted the money and sued the other tortfeasors before May 5, 1988.

The parties had come to a meeting of the minds regarding the essential terms of the agreement, including the release of common liability, sufficient to make it enforceable by March 23, 1988. See *Northern Ins Co v B Elliott, Ltd,* 117 Mich App 308, 327; 323 NW2d 683 (1982), quoting *Hansen v Catsman,* 371 Mich 79, 82; 123 NW2d 265 (1963).

Plaintiff did not file its action within the one-year period. Thus, its action is barred by the statute of limitations. The trial court did not err.

Affirmed.