## DEPARTMENT OF TRANSPORTATION v THRASHER

Docket No. 130666. Submitted March 4, 1992, at Grand Rapids.
Decided October 19, 1992, at 9:20 A.M. Leave to appeal sought.

The Department of Transportation brought an action in the
Antrim Circuit Court against Leroy E. Thrasher, Randall and
Charlene Bergdoll, and Robert and Vallerie Johnston, seeking,
under MCL 600.6304(1)(b); MSA 27A.6304(1)(b), a declaration of
the percentages of fault of Thrasher, the Bergdolls, and itself,
and a limitation of its liability, for an automobile accident in
which minor children of the Johnstons were injured. Before the
department brought its action, Thrasher and the Bergdolls had
compensated the Johnstons for the children's injuries, and the
Johnstons had brought an action in the Court of Claims against
the department only. The actions were subsequently consoli-
dated for trial in the circuit court. The court, Charles M.
Forster, J., on motion by Thrasher, the Bergdolls, and the
Johnstons, dismissed the action. The department appealed.

The Court of Appeals *held:*

Section 6304(1) provides that in a bench trial of a personal
injury action involving fault of more than one party to the
action, the court must make findings regarding the total
amount of each plaintiff's damages and the percentages of fault
of the plaintiffs, the defendants, and any third-party defen-
dants. The circuit court correctly concluded that a determina-
tion of the percentages of fault by Thrasher and the Bergdolls
was not required by § 6304(1) because they were not parties to
the Johnstons' action against the department.

Affirmed.

NEGLIGENCE — PERSONAL INJURY ACTIONS — FAULT BY MORE THAN
ONE PARTY — PERCENTAGES OF FAULT — SPECIAL FINDINGS BY
TRIAL COURT.

In a bench trial of a personal injury action involving fault of
more than one party to the action, the court must make

REFERENCES

Am Jur 2d, Negligence § 1492.

Comparative negligence rule where misconduct of three or more
persons is involved. 8 ALR3d 722.

findings regarding the percentages of fault of the parties; however, the percentages of fault of culpable individuals not parties to the action need not be determined by the court (MCL 600.6304[1][b]; MSA 27A.6304[1][b]).

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for Department of Transportation.

*Read & Sharp* (by *John W. Sharp*), for defendants Thrasher and Bergdoll.

*Robert L. Hoffman,* for defendants Johnston.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

MICHAEL J. KELLY, J. Plaintiff, the Michigan Department of Transportation (MDOT), appeals as of right from an Antrim Circuit Court order of June 22, 1990, granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) and (8), and dismissing plaintiff's action for a declaratory judgment. This case raises an issue of first impression regarding the proper interpretation of § 6304 of the tort reform statute, MCL 600.6301 *et seq.*; MSA 27A.6301 *et seq.*

The underlying action involves an automobile accident that occurred on July 20, 1988. On that date, a Datsun pickup truck driven by Leroy Thrasher and owned by Randall and Charlene Bergdoll collided with a truck driven by an MDOT employee. Robert and Vallerie Johnston's two children, Shyrle and John, were passengers in the Bergdoll pickup at the time of the accident and were injured.

Thrasher and the Bergdolls compensated the Johnstons for the injuries suffered by Shyrle and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

John. Thereafter, on January 18, 1989, the Johnstons filed an action in the Court of Claims against the MDOT. Thrasher and the Bergdolls were not named as defendants because of their previous settlement with the Johnstons.

On October 11, 1989, the MDOT filed a complaint in the Antrim Circuit Court against the Johnstons, Thrasher, and the Bergdolls, seeking, among other things, a declaratory judgment determining the percentages of fault of Thrasher and the Bergdolls, and seeking a limitation of the MDOT's liability to the percentage the MDOT claimed was authorized by MCL 600.6304; MSA 27A.6304. The case in the Court of Claims was later ordered consolidated with the action in the Antrim Circuit Court.

Subsequently, defendants moved for summary disposition of the MDOT's complaint pursuant to MCR 2.116(C)(7) and (8). The circuit court held that the MDOT was not entitled to contribution from Thrasher and the Bergdolls under the contribution statute, and, therefore, no "actual controversy" existed justifying declaratory relief under MCR 2.605(A)(1). Summary disposition was granted in favor of all defendants, and the MDOT's action for a declaratory judgment was dismissed. The MDOT appeals the dismissal of its action as of right.

The MDOT argues that, in an action by the injured party against the sole remaining nonsettling tortfeasor (the MDOT in this case), the remaining nonsettling tortfeasor is entitled under § 6304 to have the percentages of fault of all settling joint tortfeasors (Thrasher and the Bergdolls in this case) determined by the trier of fact, with the nonsettling tortfeasor's liability limited to its calculated percentage of fault. We disagree and hold that § 6304 does not require the trier of fact to ascertain the percentages of fault of joint tortfea-

sors who have settled with the injured party and are not parties to a lawsuit between the injured party and the remaining tortfeasor.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989); *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). The first criterion in determining intent is the specific language of the statute. *Hawkins, supra* at 396. The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990). Courts may not speculate with respect to the probable intent of the Legislature beyond the words expressed in the statute. If the plain and ordinary meaning of the statute is clear, judicial construction is normally neither necessary nor permitted. *Nat'l Exposition Co v Detroit,* 169 Mich App 25, 29; 425 NW2d 497 (1988). The wisdom of a statute is for the Legislature, and the law must be enforced as written. *Victorson v Dep't of Treasury,* 183 Mich App 318, 323; 454 NW2d 256 (1990); *Grieb v Alpine Valley Ski Area, Inc,* 155 Mich App 484, 487-488; 400 NW2d 653 (1986). Courts may look to the legislative history of an act to ascertain the meaning of its provisions. *People v Hall,* 391 Mich 175, 191; 215 NW2d 166 (1974); *Great Lakes Steel v Dep't of Labor,* 191 Mich App 323; 477 NW2d 124 (1991). A court may consider journals chronicling legislative history, and the changes in the bill during its passage. *Kizer v Livingston Co Bd of Comm'rs,* 38 Mich App 239, 246-247; 195 NW2d 884 (1972).

MCL 600.6304(1)(b); MSA 27A.6304(1)(b) provides that in a personal injury action "involving fault of more than 1 party to the action," the trier of fact

shall determine the "percentage of the total fault of all the parties regarding each claim as to each plaintiff, defendant, and third-party defendant."

We believe the plain and ordinary meaning of the statutory language is clear, and judicial construction is neither necessary nor permitted. *Nat'l Exposition Co, supra.* The plain language of § 6304(1)(b) refers to "parties" to the action. Thrasher and the Bergdolls were not parties to this action. Therefore, the trial court was not required to determine their percentages of fault. The Legislature is presumed to have intended the meaning it plainly expressed, and, in this case, the statute clearly indicates that the trial court is to make a finding regarding the percentages of the total fault of "all of the parties." If the Legislature had wanted to require the trier of fact to calculate the percentages of fault of tortfeasors who had previously settled with the plaintiff, it could have easily made that a requirement of the statute.

We find support in the legislative history of the statute. At one time HB 5154 contained language that would have accomplished the result now argued by the MDOT. That version of § 6304 contemplated that a percentage of the total fault would be made not only among parties to the action, but also among persons who had been released from liability. However, that language was deleted from the final version of the tort reform statute. We find this change in the bill before its passage to be persuasive evidence that the Legislature did not intend the result argued by the MDOT. *Kizer, supra* at 246-247.

We believe the trial court properly dismissed the MDOT's action for a declaratory judgment. The MDOT is not entitled to contribution from Thrasher and the Bergdolls; therefore, there exists no "ac-

tual controversy" sufficient to maintain an action for a declaratory judgment pursuant to MCR 2.605.

Affirmed.