EATON FARM BUREAU v EATON TOWNSHIP

Docket No. 186139. Submitted January 8, 1997, at Lansing. Decided February 21, 1997, at 9:20 A M. Leave to appeal sought.

The Eaton Farm Bureau, a farmer-owned cooperative organized as a domestic for-profit corporation, filed a petition with the Tax Tribunal, alleging that Eaton Township erred in 1993 and 1994 in assessing personal property taxes with regard to the petitioner's personal property. The petitioner alleged that it was exempt from such taxation pursuant to MCL 211.9(j); MSA 7.9(j). The Michigan State Tax Commission intervened as a respondent. The Tax Tribunal affirmed the assessments, concluding that the Legislature did not intend that farmer-owned cooperatives be included in the exemption provided in subsection j. The petitioner appealed.

The Court of Appeals *held*:

1. The Tax Tribunal erred as a matter of law in concluding that the exemption provided in the first sentence of subsection j does not apply to farmer-owned cooperatives. The statute does not limit to whom the exemption may be applied. The statute does not limit its application to farmers. The statute is clear and unambiguous, and, therefore, judicial construction is neither necessary nor permitted.

2. Property used in agricultural operations is exempt, unless that property is machinery used to prepare the crop for market that does not satisfy the requirements set forth in the third sentence of subsection j. The Tax Tribunal did not resolve these factual questions. Therefore, the order of the Tax Tribunal must be vacated and the matter must be remanded for findings of fact and conclusions of law with respect to the final sentence of subsection j.

Vacated and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION — TAX EXEMPTIONS.

The goal of the Court of Appeals when interpreting a statute is to ascertain and effectuate the intent of the Legislature; the Court first looks to the specific language of the statute and resorts to judicial construction only where reasonable minds could disagree with regard to the meaning of the statute; where the meaning of a statute is clear, judicial construction is neither necessary nor permit-

ted; this is true despite the fact that tax exemption must be strictly construed in favor of the taxing unit.

2. TAXATION — EXEMPTIONS — PROPERTY USED IN AGRICULTURAL OPERATIONS.

The statute that provides that property actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural production is exempt from taxation does not limit to whom the exemption may be applied; the statute does not limit its application to farmers and may be applied to farmer-owned cooperatives (MCL 211.9[j]; MSA 7.9[j]).

*J. Bradley Ronan*, for the Eaton Farm Bureau.

*Smith Bros. Law Office, P.C.* (by *Paul F. Ray* and *Gregory W. Smith*), for Eaton Township.

Amici Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *Kenneth C. Sparks*), for the Michigan Townships Association and the Michigan Municipal League.

Before: FITZGERALD, P.J., and O'CONNELL and D. J. KELLY*, JJ.

O'CONNELL, J. Petitioner Eaton Farm Bureau appeals as of right the order of the Michigan Tax Tribunal affirming the tax assessment on its personal property. We vacate the order and remand.

Petitioner is a farmer-owned cooperative organized as a domestic for-profit corporation. As a farmer-owned cooperative, petitioner is controlled by a board of directors composed of its members. Membership is limited to active farmers and producers. Petitioner provides services for both members and nonmembers, but it cannot "handle" nonmember products in excess of the member products serviced.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The services provided by petitioner include storage, handling, and drying of grain, and trucking, grinding, and cutting of agricultural products. Petitioner also sells goods to members and nonmembers such as home heating oil, water softener salt, tires (farm and nonfarm), batteries, rubber boots, bird seed, and bird feeders. Petitioner does not own or operate any farms, though its owners and members necessarily do.

In 1993, respondent assessed petitioner $138,500 for personal property owned as of December 31, 1992. In 1994, respondent assessed petitioner $132,200 for personal property owned as of December 31, 1993.[1]

Petitioner filed a petition with the Tax Tribunal alleging that it was exempt pursuant to MCL 211.9(j); MSA 7.9(j). This subsection provides that "[p]roperty actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural operations" are exempt from personal property taxation. The Tax Tribunal concluded, in accordance with respondent's position, that "the Legislature intended farmer-owned cooperatives not be included in this exemption." The Tax Tribunal, therefore, affirmed the assessment. Petitioner now appeals.

We review decisions of the Michigan Tax Tribunal to determine whether the tribunal erred in applying the substantive law or adopted a wrong principle. *Thrifty Royal Oak, Inc v Royal Oak*, 208 Mich App 707, 711; 528 NW2d 205 (1995). As explained in

---

[1] The assessments do not enumerate the specific property that was assessed.

*Folands Jewelry Brokers, Inc v Warren*, 210 Mich App 304, 307; 532 NW2d 920 (1995), "[w]hen interpreting a statute, our goal is to ascertain and effectuate the intent of the Legislature. We look first to the specific language of the statute, resorting to judicial construction only where reasonable minds could disagree with regard to the statute's meaning." (Citations omitted.) However, "[i]f a statute is clear and unambiguous the 'plain meaning rule' applies and precludes judicial interpretation or construction of the statute." *Paaso v Paaso*, 170 Mich App 628, 635; 428 NW2d 724 (1988). Thus, where the meaning of a statute is clear, judicial construction is neither necessary nor permitted. *Dep't of Transportation v Thrasher*, 196 Mich App 320, 323; 493 NW2d 457 (1992). This is true despite the fact that tax exemptions must be strictly construed in favor of the taxing unit. *DeKoning v Dep't of Treasury*, 211 Mich App 359, 361-362; 536 NW2d 231 (1995).

In the present case, the following statute is at issue.

The following personal property is exempt from taxation:

\* \* \*

(j) Property actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural production. As used in this subdivision, "agricultural operations" means farming in all its branches, including cultivation of the soil, growing and harvesting of an agricultural, horticultural, or floricultural commodity, dairying, raising of livestock, bees, furbearing animals, or poultry, turf and tree farming, raising and harvesting of fish, and any practices performed by a farmer or on a farm as an incident to, or in conjunction with, farming operations, but excluding retail sales and food processing operations. Property used in agricultural operations includes machinery used to prepare the crop for

market operated incidental to a farming operation that does not substantially alter the form, shape, or substance of the crop and is limited to cleaning, cooling, washing, pitting, grading, sizing, sorting, drying, bagging, boxing, crating, and handling if not less than 33% of the volume of the crops processed in the year ending on the applicable tax day or in at least 3 of the immediately preceding 5 years were grown by the farmer in Michigan who is the owner or user of the crop processing machinery. [MCL 211.9(j); MSA 7.9(j).]

Thus, the first sentence of the subsection defines the exemption, the second sentence defines a term used in the first sentence, and the third sentence qualifies the exemption when applied to "machinery used to prepare the crop for market operated incidental to a farming operation."

I

We believe the Tax Tribunal erred as a matter of law in concluding that the exemption, that is, the first sentence of MCL 211.9(j); MSA 7.9(j), does not apply to farmer-owned cooperatives. When interpreting a statute, the courts look first to the specific language of the statute, *Folands, supra*, looking further only when the statute is ambiguous. The language of the first sentence of the subsection does not limit to whom the exemption may be applied, but refers only to the type of personal property that must be exempted from taxation—"*[p]roperty actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural production.*" MCL 211.9(j); MSA 7.9(j) (emphasis supplied). Thus, because the clear and unambiguous language of the statute, *Paaso, supra*, admits of no limitation, one may not legitimately append requirements to the statute to

limit its effect. In a word, because the statute does not limit its application to farmers, neither may the courts.

Our conclusion is strengthened by the history of the language set forth in the statute. A change in statutory language is presumed to reflect a change in the meaning of the statute. *Wortelboer v Benzie Co*, 212 Mich App 208, 217; 537 NW2d 603 (1995). Before 1968, pursuant to 1966 PA 205, the exemption in question limited the exemption to "[t]hat property actually being used *by a farmer* in agricultural operations." (Emphasis supplied.) Therefore, at one time, the Tax Tribunal's limited application would have been accurate because the unambiguous language of the statute would have demanded such an application. However, pursuant to 1968 PA 347, the language limiting the exemption to property used by a farmer was deleted; it no longer appears in the statute. By deleting the language "by a farmer," the Legislature deleted the language limiting who could claim the exemption. *Wortelboer, supra.*

We are cognizant of the fact that certain aspects of the statute's legislative history could be interpreted to suggest that farmer-owned cooperatives were meant to be excluded from the exemption. For example, one version of the bill that was to become the present, amended version of MCL 211.9(j); MSA 7.9(j), explicitly referred to farmer-owned cooperatives as a group to which the exemption applied. See 1993 Journal of the Senate 3025. This provision was not included in the final version of the bill. Given the appropriate contextual framework, this omission could be construed to indicate an intent to exclude property owned by cooperatives from the exemption.

Were the language of the provision ambiguous, this legislative history could be relevant when ascertaining Legislative intent. *Thrasher, supra,* p 323. However, given the unambiguous nature of the statute as written, especially when considered in conjunction with the statute's history in which a clause limiting its application to a specific group was deleted, we do not find the legislative history of the bill to be pertinent in interpreting the statute. The statute is clear, and one may not properly resort to its legislative history in an attempt to roil still waters.

II

However, we have addressed only the exemption itself; we have not considered the qualifications set forth in the third sentence of the subsection. Thus, while we have concluded that the exemption reflects no intent to exclude property owned by cooperatives, it is entirely possible that the third sentence may have the identical effect under a particular set of facts.

This case was consolidated by the Tax Tribunal with a similar action brought by Mueller Bean Company. When considering whether Mueller Bean's machinery qualified under the third sentence of MCL 211.9(j); MSA 7.9(j), the Tax Tribunal expressly held that "Mueller Bean's machinery does not qualify for this exemption because it does not grow at least '33% *of the volume of the crops processed . . . by the* farmer in Michigan who is the owner or user of the crop processing machinery.' " The Tax Tribunal, therefore, ruled that Mueller Bean's machinery did not qualify for the exemption because the requirements of the third sentence of MCL 211.9(j); MSA 7.9(j) were not met.

The Tax Tribunal then turned to petitioner Eaton Farm Bureau, stating:

> The Tribunal now addresses whether Petitioner Eaton Farm Bureau, as a farmer-owned cooperative, is exempted by the statute. Petitioner Eaton Farm Bureau argued in its brief that it meets the requirement of "33% of the volume of the crops processed . . . were grown by the farmer in Michigan who is the owner or user of the crop processing machinery." However, the paramount question this Tribunal faces is whether the legislature intended Petitioner to be exempt.

Thus, rather than addressing the issue raised by petitioner and which the Tax Tribunal had immediately before resolved in the context of Mueller Bean's petition, the Tax Tribunal instead embarked on an analysis of the legislative history of the statute in issue. As discussed above in section I, we find the legislative history immaterial where the language of the statute is plain and, further, find no blanket requirement that property need be owned by a farmer to qualify for the exemption. Rather, property used in agricultural operations is exempt, unless that property is "machinery used to prepare the crop for market" that does not satisfy the requirements set forth in the third sentence of MCL 211.9(j); MSA 7.9(j). The Tax Tribunal did not resolve these factual questions.

Because the record on appeal is scant, we are not able to determine what portion of the property subjected to taxation is properly exempt and what portion of the property is machinery used to prepare the crop for market that falls afoul of the requirements described in the final sentence of MCL 211.9(j); MSA 7.9(j). Therefore, we vacate the order of the Tax Tribunal because of its error in applying the substantive

law and remand for findings of fact and conclusions of law with respect to the final sentence of MCL 211.9(j); MSA 7.9(j).

Vacated and remanded.