WILLIAMS v AUTO CLUB GROUP INSURANCE COMPANY (ON REMAND)

Docket No. 194687. Submitted November 6, 1996, at Detroit. Decided June 24, 1997, at 9:00 A.M. Leave to appeal sought.

Hjalma Williams, individually and as next friend of Brandy, Danny, and Nelson Williams, minors, brought an action in the Wayne Circuit Court against Auto Club Group Insurance Company, seeking coverage under a fire insurance policy issued by the defendant to Hjalma Williams and her husband on January 3, 1992. The defendant, after concluding that Hjalma Williams' husband had intentionally set the fire and that she was an innocent coinsured, denied coverage on the basis of a provision in the policy that denied coverage for an action by or at the direction "of an insured person" committed with the intent to cause a loss. The court, Paul S. Teranes, J., granted partial summary disposition for the plaintiffs, finding that a denial of coverage would be contrary to the provisions of MCL 500.2833; MSA 24.12833. The defendant appealed and the Court of Appeals, DOCTOROFF, C.J., and CORRIGAN and T. G. KAVANAGH, JJ., peremptorily affirmed in an unpublished order entered March 27, 1995 (Docket No. 166065). The Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration. 451 Mich 882 (1996).

On remand, the Court of Appeals *held*:

1. There is no question that if MCL 500.2832; MSA 24.12832, which was repealed by 1990 PA 305, effective January 1, 1992, were to apply to this matter, the defendant's intentional acts exclusion would be found to be void on the basis of Supreme Court precedent holding that the statutory language voiding a standard fire insurance policy in case of fraud by "the insured" must be read to bar only the claim of the insured who committed the fraud and not that of an innocent coinsured.

2. Section 2832 was repealed two days before plaintiff's fire insurance policy was issued. In its place, the Legislature enacted MCL 500.2833; MSA 24.12833. Subsection 2833(2) expresses the intent that the scope of coverage afforded by former § 2832 was left intact unless "otherwise provided" in the new statute. The new

statute does not reveal any provision eliminating the protections previously afforded for innocent coinsureds in § 2832.

3. Subsection 2833(1)(c) does not "otherwise provide" that an innocent coinsured may be deprived of coverage or evidence any intent to do so. In repealing § 2832 and enacting § 2833, the Legislature did not intend to permit insurers to preclude recovery for innocent coinsureds.

Affirmed and remanded.

BANDSTRA, P.J., dissenting, stated that the Legislature expressed a clear intent to change the statute's meaning and thus "otherwise provided" that § 2832's protection for "innocent coinsureds" did not survive the repeal of § 2832. The revised statute no longer makes a policy voidable only because of the wrongful actions of "the insured," and allows a policy to be voided because of misrepesentation, fraud, or concealment generally, rather than the misrepresentation, fraud, or concealment of "the insured." Summary disposition should be granted for the defendant.

INSURANCE — FRAUD — FIRE INSURANCE — INNOCENT COINSUREDS.

The Legislature in enacting MCL 500.2833(2); MSA 28.12833(2) left intact the protections previously afforded for innocent coinsureds under MCL 500.2832; MSA 28.12832 whereby the statutory language voiding the policy in case of fraud by "the insured" must be read to bar only the claim of the insured who committed the fraud and not that of an innocent coinsured; in repealing § 2832 and enacting § 2833, the Legislature did not intend to permit insurers to preclude recovery to innocent coinsureds.

*Fabian & Sklar, P.C.* (by *Michael H. Fabian* and *Jo Robin Davis*), for the plaintiffs.

*Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Clair W. Hoehn*) (*John A. Lydick*, of Counsel), for the defendant.

ON REMAND

Before: BANDSTRA, P.J., and NEFF and M. E. DODGE*, JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NEFF, J. In this declaratory judgment action we must determine whether the intentional acts exclusion in defendant Auto Club Group Insurance Company's (Auto Club) fire insurance policy, which prevents recovery by an innocent coinsured when another coinsured causes the loss, violates Michigan law. We conclude that it does.

I

The facts in this case are not in dispute. Hjalma Williams (hereafter plaintiff) and her husband purchased homeowner's insurance, including standard fire coverage, from defendant in a policy issued January 3, 1992. A few months later, while the parties were estranged, a fire destroyed the Williams' home. Defendant's investigation concluded that plaintiff's husband set the fire and that plaintiff was an innocent coinsured. Nonetheless, defendant denied coverage to plaintiff pursuant to the following provision in the policy:

> *We* will not cover loss to property insured under this Policy caused directly or indirectly (whether or not any other cause or happening contributes concurrently or in any sequence to the loss) by any of the following:
>
> *    *    *
>
> An action by or at the direction of *an insured person* committed with the intent to cause a loss. [Emphasis added.]

The circuit court found that an interpretation of this provision that denied coverage for an innocent coinsured would be contrary to MCL 500.2833; MSA 24.12833 and granted plaintiff's motion for partial summary disposition regarding liability pursuant to

MCR 2.116(C)(9) and (10).[1] Defendant appealed as of right and this Court peremptorily affirmed in an unpublished order entered March 27, 1995 (Docket No. 166065). Our Supreme Court, in lieu of granting leave to appeal, vacated our order and remanded the case to us for plenary consideration. 451 Mich 882 (1996).

II

The question whether an insurer may deny coverage to an innocent coinsured under an intentional acts or fraud exclusion in a standard fire insurance policy is not new. Before January 1, 1992, all fire insurance polices issued in Michigan were required to conform to the standard fire insurance policy language in MCL 500.2832; MSA 24.12832.[2] Commonly known as the "165 lines," this statutorily mandated standard fire insurance policy included the following fraud exclusion:

> This entire policy shall be void if, whether before or after a loss, *the insured* has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of *the insured* therein, or in case of any fraud or false swearing by *the insured* relating thereto." [MCL 500.2832; MSA 24.12832, repealed by 1990 PA 305 (emphasis added).]

Our Supreme Court has repeatedly held that a fire insurance policy that purports to deny coverage to an innocent coinsured is void as being contrary to the standard fire insurance policy language as set forth in § 2832. In *Morgan v Cincinnati Ins Co*, 411 Mich 267,

---

[1] The parties stipulated that the amount of plaintiff's loss was $22,500.

[2] Repealed by 1990 PA 305, effective January 1, 1992.

276-277; 307 NW2d 53 (1981), the Court explained that § 2832 did not expressly create a joint obligation of suretyship among the insureds, and that it would be inappropriate to infer such a suretyship. Therefore, the Court held that the statutory language voiding the policy in case of fraud by "the insured" must be read to bar only the claim of the insured who committed the fraud and not that of an innocent coinsured. *Morgan* at 277.

This holding was reaffirmed in *Borman v State Farm Fire & Casualty Co*, 446 Mich 482; 521 NW2d 266 (1994). In *Borman*, the defendant insurer drafted an intentional acts exclusion that read:

> If *you or any person insured* under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay *you or any other insured* for this loss. [*Id.* at 486 (emphasis added).]

This exclusion, like that in *Morgan*, was rejected by the Court as an attempt by the defendant to provide less coverage to innocent insureds than that mandated under the standard policy language of § 2832. *Borman* at 489. It is therefore without question that if § 2832 were to apply in the instant case, we would declare defendant's intentional acts exclusion void.

III

However, § 2832 was repealed effective January 1, 1992, two days before the Williams' fire insurance policy was issued. In its place, the Legislature enacted MCL 500.2833; MSA 24.12833. To determine whether § 2833 effectively trumps the language of the exclusion at issue in this case to allow recovery by an innocent coinsured, we start with subsection 2833(2):

> Except as otherwise provided in this act, each fire insur-
> ance policy issued or delivered in this state pursuant to
> subsection (1) shall contain, at a minimum, the coverage
> provided in the standard fire policy under former section
> 2832. [MCL 500.2833(2); MSA 28.12833(2).]

Legislative intent could not be more clearly
expressed; the scope of coverage afforded by § 2832
was left intact. The repealed statute covered "the
insured" which, as interpreted by the Michigan
Supreme Court, provided protection for an innocent
coinsured and the same coverage is provided by
§ 2833 unless "otherwise provided" in the new statute.
Our reading of the new act does not reveal any provi-
sion for elimination of the protections previously
afforded for innocent coinsureds.

Defendant points to subsection 2833(1)(c) to sup-
port its argument to the contrary. This subsection
requires each fire insurance policy to provide: "That
the policy may be void on the basis of misrepresenta-
tion, fraud, or concealment." MCL 500.2833(1)(c);
MSA 24.12833(1)(c). However, we find that this provi-
sion merely repeats, in more readable form, that por-
tion of the "165 lines" of § 2832 dealing with the cir-
cumstances listed. It does not "otherwise provide"
that an innocent coinsured may be deprived of cover-
age or evidence any intent to do so. Therefore, we
conclude that in repealing § 2832 and enacting § 2833,
the Legislature did not intend to permit insurers to
preclude recovery to innocent coinsureds.

A

The primary goal of judicial interpretation of stat-
utes is, of course, to ascertain and give effect to the
intent of the Legislature. *Farrington v Total Petro-*

*leum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in doing so is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the language of a statute is clear and unambiguous, judicial construction is not permitted, and the courts must apply the statute as written. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). On its face, the plain language of subsection 2833(2) prevents the enforcement of the intentional acts exclusion at issue here.

Where a statute is repealed and another statute is enacted that covers the same subject area, we presume that a change in wording reflects a legislative intent to change the statute's meaning. *Eaton Farm Bureau v Eaton Twp*, 221 Mich App 663, 668; 561 NW2d 884 (1997); *Greek v Bassett*, 112 Mich App 556, 562; 316 NW2d 489 (1982). However, the Legislature in this instance specifically articulated the intent to maintain the statute's former meaning. Indeed, the Legislature is presumed to know the law as it existed before the amendment and to have considered its effect on new legislation. *State Treasurer v Schuster*, 215 Mich App 347, 351-352; 547 NW2d 332 (1996). Hence, the insertion of subsection 2833(2) served to reenact the coverage guarantees of § 2832.

As suggested by our Supreme Court, "[i]t appears that a or the purpose of 1990 PA 305 was to facilitate redrafting of insurance policies to make them more readable and understandable by consumers." *Borman, supra* at 490, n 15 (citing Senate Fiscal Agency Analysis, SB 490, February 15, 1991). Indeed, this purpose is made manifest by the language of subsection 2833(2).

B

We note plaintiff's argument that Auto Club's intentional acts exclusion is contrary to public policy, but decline to address it, satisfied to rely on the language of the statute.

IV

The exclusion at issue clearly and unambiguously attempts to void the fire insurance policy for intentional acts by "an insured." However, § 2833 prevents the enforcement of such an exclusion and the trial court did not err in granting plaintiff's motion for partial summary disposition. Accordingly, we affirm the judgment of the circuit court and remand for further proceedings consistent with this opinion.

Affirmed and remanded. We do not retain jurisdiction.

M. E. Dodge, J., concurred.

Bandstra, P.J. (*dissenting*). I respectfully dissent. The question before us is which of two innocent parties should bear the cost of the fire loss resulting from Hjalma Williams' estranged husband's arson. Hjalma Williams may well be innocent as the majority points out, but defendant insurance company is even more so. Through its policy, defendant undertook to insure only against accidental loss. The result of the majority's opinion is that it must pay for a loss that was clearly the result of an intentional act.

The majority concludes that, even though defendant's policy was clearly written to avoid this coverage, the policy must be ignored because of MCL 500.2833; MSA 24.12833. I disagree. Section 2833 only guarantees coverage formerly provided by § 2832 "[e]xcept

as otherwise provided" in the new statute. MCL 500.2833(2); MSA 24.12833(2). Our Supreme Court had carved out an exception for an innocent coinsured under § 2832 with specific reliance on that section's use of the words "the insured," and the Court suggested that the exception would not be available if the statute read differently. *Morgan v Cincinnati Ins Co*, 411 Mich 267, 276; 307 NW2d 53 (1981). The revised statute no longer makes a policy voidable only because of the wrongful actions of "the insured." MCL 500.2833; MSA 24.12833. By removing this language, which was the linchpin of our Supreme Court's reasoning in carving out the innocent coinsured exception, the Legislature did statutorily repeal that exception. The Legislature thus "otherwise provided" that § 2832's protection for "innocent insureds" did not survive the repeal of that section. MCL 500.2833(2); MSA 28.12833(2). Section 2833 did not "reenact" the repealed § 2832 as the majority reasons.

The majority correctly points out, *ante* at 319, that "[w]here a statute is repealed and another statute is enacted that covers the same subject area, we presume that a change in wording reflects a legislative intent to change the statute's meaning." *Eaton Farm Bureau v Eaton Twp*, 221 Mich App 663, 668; 561 NW2d 884 (1997). By changing the statutory language and broadening the provision allowing a policy to be voided because of misrepresentation, fraud, or concealment generally, rather than the misrepresentation, fraud, or concealment of "the insured," the Legisla-

ture expressed a clear intent to change the statute's meaning.[1]

I would reverse the summary disposition granted to plaintiffs and conclude that defendant is entitled to summary disposition under the clear policy language.

---

[1] The majority opinion cites *Borman v State Farm Fire & Casualty Co*, 446 Mich 482, 490, n 15; 521 NW2d 266 (1994), where our Supreme Court noted that "a or the purpose" of the statutory amendment was to assure that insurance policies were more readable and understandable for consumers. The Court's use of this equivocal language indicates that no decision was rendered regarding whether this purpose was the only purpose of the statutory changes. For the reasons stated, I conclude that it was not.