EATON FARM BUREAU v EATON TOWNSHIP (ON REMAND)

Docket No. 186139. Submitted August 25, 1998, at Lansing. Decided September 25, 1998, at 9:05 A.M.

The Eaton Farm Bureau, a farmer-owned cooperative organized as a domestic for-profit corporation, filed a petition with the Michigan Tax Tribunal, alleging that Eaton Township erred in 1993 and 1994 in assessing personal property taxes with regard to the petitioner's personal property. The petitioner alleged that it was exempt from such taxation pursuant to MCL 211.9(j); MSA 7.9(j). The Michigan State Tax Commission intervened as a respondent. The Tax Tribunal affirmed the assessments, concluding that the Legislature did not intend that farmer-owned cooperatives be included in the exemption provided in subsection j. The petitioner appealed. The Court of Appeals vacated the order of the Tax Tribunal on the basis that the tribunal erred as a matter of law in concluding that the exemption provided in the first sentence of subsection j does not apply to farmer-owned cooperatives. The Court also remanded the matter to the tribunal for findings of fact and conclusions of law with respect to the application to the petitioner of the third sentence in subsection j. 221 Mich App 663 (1997). The Supreme Court entered an order providing that, while an application and delayed application for leave to appeal remain under consideration and jurisdiction was retained by the Supreme Court, the matter was remanded to the Court of Appeals for clarification of its opinion with regard to the meaning of the third sentence of subsection j and its application to the petitioner. 457 Mich 886 (1998).

On remand, the Court of Appeals *held*:

The third sentence of subsection j extends the reach of the exemption to personal property less directly involved with farming and imposes certain conditions on that exemption so that it applies only where a certain volume of the crops processed by the equipment in question is grown by the farmer in Michigan who is the owner or user of the crop-processing machinery. Therefore, although the petitioner is entitled to the exemption for any personal property directly used in farming, as provided by the first sentence of subsection j, because the petitioner is not itself a farmer, any of the petitioner's property that is only indirectly used in farming, as described in the third sentence of subsection j, does

not come under the exemption. On remand, the tribunal must consider all property for which the petitioner is claiming the exemption and issue findings of fact and conclusions of law concerning which items fall within the exemption.

Vacated and remanded.

1. TAXATION — EXEMPTIONS — PROPERTY USED IN AGRICULTURAL OPERATIONS — FARMER-OWNED COOPERATIVES.

The statute that provides that property actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural production is exempt from taxation does not limit to whom the exemption may be applied; the statute does not limit its application to farmers and may be applied to farmer-owned cooperatives (MCL 211.9[j]; MSA 7.9[j]).

2. TAXATION — EXEMPTIONS — PROPERTY USED IN AGRICULTURAL OPERATIONS — PROPERTY INDIRECTLY USED IN AGRICULTURAL OPERATIONS — FARMER-OWNED COOPERATIVES.

The exemption from taxation provided in the first sentence of subsection 9(j) of the General Property Tax Act generally covers personal property actually being used in agricultural operations along with certain farming implements; the third sentence of subsection 9(j) extends the reach of the exemption to personal property less directly involved with farming and imposes certain conditions on that extension whereby the provision for extending the exemption to chattels that only indirectly relate to farming applies only where a certain volume of the crops processed by the equipment in question is "grown by the farmer in Michigan who is the owner or user of the crop processing machinery"; any property of a farmer-owned cooperative that itself is not a farmer that is only indirectly used in farming does not come under the extension of the exemption provided in the third sentence of subsection 9(j) (MCL 211.9[j]; MSA 7.9[j]).

*J. Bradley Ronan*, for the Eaton Farm Bureau.

*Smith Bros. Law Office, P.C.* (by *Paul F. Ray* and *Gregory W. Smith*), for Eaton Township.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Ross H. Bishop*, Assistant Attorney General, for the Michigan State Tax Commission.

ON REMAND

Before: O'CONNELL, P.J., and FITZGERALD and D. J. KELLY* , JJ.

O'CONNELL, P.J. This case returns to this Court on remand from the Supreme Court, 457 Mich 886 (1998), asking that we clarify our opinion reported at 221 Mich App 663; 561 NW2d 884 (1997). We again vacate the order of the Michigan Tax Tribunal and remand for further proceedings.

The facts of this case are set out in our earlier opinion, *id.* At issue is whether petitioner, a farmer-owned cooperative providing farm-related services that itself owns no farmland and does no farming, comes under the following statutory exemption from liability for personal property taxes:

> Property actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural production. As used in this subdivision, "agricultural operations" means farming in all its branches . . . . Property used in agricultural operations includes machinery used to prepare the crop for market operated incidental to a farming operation that does not substantially alter the form, shape, or substance of the crop and is limited to cleaning, cooling, washing, pitting, grading, sizing, sorting, drying, bagging, boxing, crating, and handling if not less than 33% of the volume of the crops processed in the year ending on the applicable tax day or in at least 3 of the immediately preceding 5 years were grown by the farmer in Michigan who is the owner or user of the crop processing machinery. [MCL 211.9(j); MSA 7.9(j).]

This Court ruled that the plain wording of the first sentence of this provision, especially when read in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

light of the history of the statutory wording, indicates no legislative intention to limit the exemption to farmers. 221 Mich App 667-669. We now reiterate that the statutory exemption for personal property actually used in agricultural operations, and farm implements held for sale or resale by retail servicing dealers for use in agricultural production, is not restricted to farmers and applies equally to farmer-owned cooperatives such as petitioner.

Pursuant to the Supreme Court's order of remand, we now revisit and elaborate on the meaning of the third sentence of the above-quoted provision and its applicability to petitioner. Whereas the first sentence generally covers personal property "actually being used in agricultural operations," along with certain farming implements, the third sentence extends the reach of the exemption to personal property less directly involved with farming, while imposing certain conditions on that extension. Significantly, the provision for extending the exemption to chattels that only indirectly relate to farming applies only where a certain volume of the crops processed by the equipment in question is "grown by *the farmer* in Michigan who is the owner or user of the crop processing machinery." MCL 211.9(j);  MSA 7.9(j)  (emphasis added). Thus, although petitioner is entitled to the exemption for any personal property directly used in farming, as provided by the first sentence of subsection j, because petitioner is not itself a farmer, any of petitioner's property that is only indirectly used in farming, as described in the third sentence of subsection j, does not come under the exemption.

We reiterate that we vacated the order of the Michigan Tax Tribunal because the tribunal erroneously

presumed that the exemptions of subsection j were wholly inapplicable to nonfarmers such as petitioner. 221 Mich App 670-671. On remand, the tribunal is to consider all property for which petitioner is claiming the exemption and issue findings of fact and conclusions of law concerning which items do and do not fall within the exemption. Property directly used in farming operations is exempt, for petitioner or anyone else, along with farm implements held for sale or resale by retail servicing dealers for use in agricultural production. Property only indirectly used in farming operations, as described in the third sentence of subsection j, is exempt only for farmers, and thus petitioner and other nonfarmers do not gain the benefit of that extension of the exemption. We express no opinion concerning which of petitioner's enumerated chattels actually fall under the exemption of subsection j.

Vacated and remanded.