O’Connell, J.
(dissenting). I respectfully dissent. Plaintiff filed a motion for summary disposition, arguing that two city ordinances were invalid because they had not been properly published. I would affirm the trial court’s decision denying plaintiff’s motion and concluding that defendant was entitled to judgment as a matter of law.
Defendant adopted the Building Officials & Code Administrators International, Inc., National Property Maintenance Code (BOCA code) by reference without publishing the BOCA code in its entirety. Plaintiff argues that this violated Detroit Charter, § 4-114, which provides that any change to an existing ordinance must be “set out in full” in a paper of general circulation.[1]
Plaintiff cites L A Thompson Scenic R Co v McCabe, 211 Mich 133; 178 NW 662 (1920), to support her theory that defendant could not adopt the BOCA code by reference. However, Thompson is distinguishable from the instant case. In Thompson, the Detroit Charter provided, “No ordinance shall be revised, altered or amended by reference to its title only, but the section or sections of the ordinance altered or amended shall be re-enacted and published at length.” Id. at 135. However, the Detroit Charter, § 4-114 now provides, “Any ordinance which repeals or amends an existing ordinance or part of the city Code shall set out in full the ordinance, sections, or subsections to be repealed or amended, and shall clearly indicate matter to be omitted and new matter *706 to be added.” In Thompson, the Detroit Charter specifically prohibited the adoption of ordinances by mere reference and required that any revision be reenacted and published at length. In contrast, the Detroit Charter no longer prohibits adoption by reference, but states that any revision must set out in full the material to be revised and clearly indicate the matter to be omitted or added. When a statute is replaced by another statute covering the same subject area, a change in wording is presumed to reflect a legislative intent to change the meaning of the statute. Williams v Auto Club Group Ins Co (On Remand), 224 Mich App 313, 319; 569 NW2d 403 (1997).[2]
Therefore, the trial court correctly concluded that the present Detroit Charter reflects a relaxation of the former strict prohibition against adoption by reference. I find no ambiguity in the current requirements and conclude that defendant complied with § 4-114 when it adopted the BOCA code by reference. Unlike the Detroit Charter existing at the time of Thompson, § 4-114 did not specifically prohibit adoption by reference. By clearly stating that it was adopting the BOCA code and advising readers that the full code was available for review in the clerk’s office, defendant satisfied the requirement that the ordinance be “set out in full.”
Accordingly, I would affirm the decision of the trial court.

 I agree with the majority that adoption of the boca code by reference was not sanctioned by MCL 117.3(k); MSA 5.2073(k).

 Rules regarding statutory construction apply to the interpretation of city charters. Detroit v Walker, 445 Mich 682, 691; 520 NW2d 135 (1994).