CARMAN v DEPARTMENT OF TREASURY

Docket No. 150246. Submitted April 14, 1994, at Lansing. Decided
    June 20, 1994, at 9:45 A.M.

 David R. and Mary M. Carman petitioned the Tax Tribunal for a
refund of 1987 state income taxes assessed by the Department
of Treasury for advances and reimbursements made by an
employer between December 1986 and April 1987 for the
petitioners' job-related move from Georgia to Michigan on
March 1, 1987. The Tax Tribunal affirmed the assessment,
ruling that all the advances and reimbursements were taxable
income allocable to Michigan. The petitioners appealed.

 The Court of Appeals *held:*

 1. Because the petitioners were not residents of Michigan for
all of 1987, MCL 206.110; MSA 7.557(1110) requires different
treatment of advances and reimbursements received as nonresidents from those received as residents. Under § 110, all income
received by a resident, regardless of source and subject to
exceptions and credits not applicable to the petitioners, is
taxable income in Michigan, while income received by a nonresident is taxable in Michigan if it is earned, received, or
acquired for the rendition of personal services performed in
Michigan.

 2. Advances and reimbursements received by the petitioners
while they were not Michigan residents are not taxable income
in Michigan because those sums were not received for the
rendition of personal services performed in Michigan.

 3. Advances and reimbursements for which the petitioners
accounted to the employer before they became Michigan residents but received after the petitioners became Michigan residents are taxable income in Michigan.

 4. Amounts accounted for after the petitioners became Michigan residents but which were offset against advances made
before the petitioners became Michigan residents may or may
not be taxable in Michigan depending on whether the petitioners were required to repay the advances while residents of
Michigan and whether accounting was made within a reasonable time. The questions of repayment and timely accounting

were not addressed by the Tax Tribunal, leaving an insufficient record on which to make a determination.

Judgment vacated; case remanded to the Tax Tribunal for recomputation of income tax liability.

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Bernard L. McAra*), for the petitioners.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Daniel M. Greenberg,* Assistant Attorneys General, for the respondent.

Before: HOLBROOK, JR., P.J., and REILLY and G. W. HOOD,* JJ.

REILLY, J. Petitioners appeal as of right the judgment of the Michigan Tax Tribunal, which had affirmed respondent's assessment of tax liability of $1,383 and denied petitioners' request for a refund. The Tax Tribunal agreed with respondent that certain advances and reimbursements paid by an employer for moving expenses incurred by petitioners for their move to Michigan were taxable by this state as income. We vacate the judgment of the Tax Tribunal and remand.

The facts of this case are not in dispute. David Carman was transferred by his employer from Georgia to Michigan. He moved to Michigan on March 1, 1987, and began work the next day. From December 1986 through April 1987, he received $30,197.11 in advances and reimbursements from his employer for moving expenses. These advances and reimbursements were included on his W-2 form for the year ending December 31, 1987.

The parties have divided the contested amounts into three categories: (1) amounts accounted for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and reimbursed (either by payment or offset to previously advanced amount) by the employer before March 1, 1987 (Group 1); (2) amounts accounted for before March 1, 1987, and reimbursed after March 1, 1987 (Group 2); (3) amounts accounted for after March 1, 1987, which were offset against advances made by the employer before March 1, 1987 (Group 3).[1] Respondent argued and the Tax Tribunal agreed that all of the contested amounts were income allocable to Michigan.

When fraud is not alleged, appellate review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong principle. *Meadowlanes Ltd Dividend Housing Ass'n v Holland,* 437 Mich 473, 482-483; 473 NW2d 636 (1991). We conclude that the Tax Tribunal made an error of law in determining that all the reimbursements and advances that petitioners received for moving expenses while nonresidents were income allocable to Michigan.

"Taxable income" in the Michigan Income Tax Act means federally defined adjusted gross income, subject to a list of adjustments. MCL 206.30; MSA 7.557(130). One of the listed adjustments is that resulting from the allocation and apportionment provisions of chapter 3 of the act, MCL 206.102 *et seq.*; MSA 7.557(1102) *et seq.* In that chapter, MCL 206.110; MSA 7.557(1110) indicates how taxable income of residents and nonresidents is allocated:

> (1) In the case of a resident individual, . . all taxable income from any source whatsoever, except that attributable to another state under the

[1] In the agreed statement of facts submitted by the parties to the Tax Tribunal, petitioners conceded that amounts that were both accounted for and reimbursed after March 1, 1987, were taxable in Michigan. Respondent did not assert any tax was due on an amount reimbursed in 1987 relating to an earlier move to and from two other states.

provisions of sections 111 to 115 and subject to the credit provisions of section 255, is allocated to this state.

(2) In the case of a nonresident individual, . . . all taxable income is allocated to this state to the extent it is earned, received or acquired:

(a) For the rendition of personal services performed in this state.[2]

In 1978, respondent promulgated rules relating specifically to apportionment and allocation of income. 1979 AC, R 206.12; *Chocola v Dep't of Treasury*, 422 Mich 229, 240-241; 369 NW2d 843 (1985). The pertinent provisions of Rule 206.12 provide:

(1) Salaries, wages, and other compensation received by a Michigan resident are allocated to Michigan. . . .

(2) Salaries and wages earned in Michigan by a nonresident are allocated to Michigan. . . .

\* \* \*

(14) Income includable in federal adjusted gross income not specifically allocated or apportioned by this rule is allocated to Michigan when received by a Michigan resident. . . . .

As part-year residents, petitioners' "taxable income shall be determined separately for income in each status." MCL 206.18; MSA 7.557(118). Therefore, our analysis treats separately amounts received by petitioners as nonresidents and amounts received as residents.

Respondent contends that the reimbursements and advances were clearly payment for personal services, and the sole question is whether the services for which the monies were paid were

___

2 We note that in 1990 nonsubstantive changes were made in the cited sections of the income tax act, but none are relevant to our decision here.

rendered in Michigan or Georgia. We disagree. Respondent's position is inconsistent with the provisions of Rule 206.12(2) and MCL 206.110(2)(a); MSA 7.557(1110)(2)(a). Reimbursements and advances for moving expenses are not "[s]alaries and wages earned in Michigan by a nonresident," and are not the taxable income of a nonresident "earned, received or acquired . . . [f]or the rendition of personal services performed in this state." The moving expenses were paid to facilitate petitioners' move to Michigan, not for services rendered. The amounts paid were in addition to the amounts paid for services rendered in Michigan. Therefore, we conclude that any amounts received for moving expenses while petitioners were nonresidents are not allocable to Michigan.

However, any moving expenses received by petitioners while they were residents of this state are allocable to Michigan under Rule 206.12(1) because such payments may reasonably be classified as "other compensation." Subsection 12(1) is a reasonable implementation of MCL 206.110(1); MSA 7.557(1110)(1), which states that for a resident individual, "all taxable income from any source whatsoever," subject to exceptions which do not apply in this case, is allocable to this state.

Respondent also relies on 1979 AC, R 206.14, contending that monies received for moving expenses is income allocable to the state of destination. That rule provides:

> Persons moving into or out of the state of Michigan shall allocate all adjustments to gross income resulting from the move to the state of destination as shown in the following examples: . . . .

We conclude that Rule 206.14 is not applicable in this case. Rule 206.14 concerns the allocation of

"adjustments to gross income." As stated previously, the state's definition of taxable income for a person is based on the definition of adjusted gross income in the Internal Revenue Code (IRC).[3] MCL 206.30(1); MSA 7.557(130). Before a 1986 amendment,[4] the IRC excluded certain amounts paid by the taxpayer for moving expenses from its definition of adjusted gross income. Rule 206.14 then dictated how a Michigan taxpayer was to allocate the reduction in gross income due to the exclusion of moving expenses. After the 1986 amendment and before a 1993 amendment,[5] the IRC did not have an adjustment to gross income for moving expenses. Thus, in 1987, Rule 206.14 was no longer applicable because, according to its plain terms, it applied to adjustments to gross income that did not exist. This rule does not refer to taxable income, as defined above, and does not indicate how taxable income should be allocated under MCL 206.110(2)(a); MSA 7.557(1110)(2)(a). We reject respondent's claim that it could continue to apply Rule 206.14 and there was no need to amend the rule to reflect the change in the IRC.

Having determined that petitioners' residency at the time the moving expenses were received is critical to the allocation of the income, we next address when reimbursements and advances are considered to be received for tax purposes. For Group 1 amounts, which were both accounted for and reimbursed before petitioners' move to this state, there is no question that petitioners were nonresidents at the time the amounts were received. Therefore, the amounts are not subject to Michigan taxation.

However, with respect to Group 2 and Group 3

---

[3] 26 USC 1 *et seq.*

[4] PL 99-514, §§ 132(c), 301(b)(1), 100 Stat 2116, 2217.

[5] PL 103-66, § 13213, 107 Stat 473.

amounts, we must determine whether the amounts were received when the employer made the advances or reimbursements or when petitioners accounted to the employer for the expenses. In making this determination, we are guided by the treatment of the reimbursements and advances for moving expenses under the IRC. See *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301, 312; 273 NW2d 10 (1978).

Under the federal regulations, amounts paid by an employer for moving expenses are included in gross income when received by an employee, except that in certain circumstances advances are not deemed to have been received until the employee accounts for the use to the employer. 26 CFR 1.82-1(2) states that a cash basis taxpayer includes amounts in gross income "when they are received or treated as received by him."

> Where an employee receives a loan or advance from the employer to enable him to pay his moving expenses, the employee will not be deemed to have received a reimbursement of moving expenses until such time as he accounts to his employer if he is not required to repay such loan or advance and if he makes such accounting within a reasonable time. Such loan or advance will be deemed to be a reimbursement of moving expenses at the time of such accounting to the extent used by the employee for such moving expenses. [26 CFR 1.82-1(2).]

Applying these principles to the present case, we conclude that petitioners accounted for Group 2 amounts while nonresidents, but were reimbursed for those amounts after they became residents. Accordingly, the income is allocable to Michigan and subject to Michigan taxation because it was received when petitioners were residents. Michi-

gan taxation of the Group 3 amounts depends on whether petitioners were required to repay the advances while residents of this state, and if the accounting was made within a reasonable time. See 26 CFR 1.82-1(2). These questions were not raised before the tribunal and we cannot resolve them on the record before us. Therefore, we remand this case to the Tax Tribunal for a determination of when Group 3 amounts were received for tax purposes and for a recomputation of petitioners' tax liability.

The judgment of the Tax Tribunal is vacated and we remand for further proceedings consistent with this opinion.