BACHMAN v DEPARTMENT OF TREASURY

MENDEL v DEPARTMENT OF TREASURY

Docket Nos. 156762, 157550. Submitted October 18, 1995, at Lansing. Decided January 16, 1996, at 9:05 A.M. Leave to appeal sought.

John C. Bachman and other stockholders of a subchapter S corporation that is a Delaware corporation with its commercial domicile in Illinois petitioned the Tax Tribunal for relief from an assessment of income tax, a penalty, and interest for the tax years 1984 through 1989 by the respondent, Department of Treasury, with regard to the petitioners' receipt of distributable income from the corporation, which did business in Michigan during those tax years. The petitioners are not Michigan residents. The Tax Tribunal affirmed the tax and interest, but concluded that the penalty assessed was inappropriate and ordered it waived. The petitioners appealed (Docket No. 156762).

Herbert D. and Audre Mendel, who are not Michigan residents, filed a complaint in the Court of Claims seeking a refund of the taxes they paid following a determination by the Department of Treasury that they had failed to pay taxes on their distributive share of the net profits of a subchapter S corporation for the tax years 1986 through 1988. The Court of Claims, Carolyn Stell, J., granted summary disposition for the Mendels. The Department of Treasury appealed (Docket No. 157550). The appeals were consolidated.

The Court of Appeals *held:*

1. A nonresident individual's distributable income from a subchapter S corporation conducting business in Michigan is not taxable income that may be allocated to Michigan under the version of the Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, in effect before December 14, 1990, and applicable to this action.

2. MCL 206.110(2)(b); MSA 7.557(1110)(2)(b) clearly provides that the taxable income of nonresident individuals, estates, and

REFERENCES

Am Jur 2d, State and Local Taxation § 574.
See ALR Index under Administrative Law § 522.

trusts is allocated to Michigan to the extent it is earned, received, or acquired from personal services performed in Michigan and as the distributive share of the net profits from an unincorporated business, profession, or activity conducted in Michigan. Therefore, taxable income does not include distributable income earned by a nonresident individual from a subchapter S corporation.

3. The principle that a longstanding interpretation of a statute by an agency that administers it is entitled to great weight does not control where, as here, the interpretation is clearly wrong.

Order in Docket No. 156762 reversed and assessments involved therein dismissed. Order in Docket No. 157550 affirmed.

1. TAXATION — CORPORATIONS — SUBCHAPTER S CORPORATIONS — NONRESIDENTS — TAXABLE INCOME.

A nonresident individual's distributable income from a subchapter S corporation conducting business in Michigan is not taxable income that may be allocated to Michigan under the version of the Income Tax Act in effect before December 14, 1990 (1990 PA 283, MCL 206.110[2][b]; MSA 7.557[1110][2][b]).

2. ADMINISTRATIVE LAW — STATUTORY CONSTRUCTION — CLEAR ERROR.

The Court of Appeals generally accords deference to the construction placed upon statutory provisions for a long period by any particular department of government; the principle that a longstanding interpretation. of a statute by the agency that administers it is entitled to great weight does not control where the interpretation is clearly wrong.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter S. Sheldon, Jeffery V. Stuckey,* and *Kim D. Crooks*), for John C. Bachman and others.

*Hopkins & Sutter* (by *Mary Kay McCalla, Lawrence M. Dubin, Garland H. Allen,* and *Paul S. Caselton*), for Herbert and Audre Mendel.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins,* Assistant Attorney General, for the Department of Treasury.

Amicus Curiae:

*Miller, Canfield, Paddock & Stone* (by *Samuel J. McKim, III,* and *Joanne B. Faycurry*), for Anthony E. Wisne.

Before: MacKENZIE, P.J., and FITZGERALD and J. P. O'BRIEN,* JJ.

PER CURIAM. In Docket No. 156762, petitioners appeal as of right the order of the Tax Tribunal affirming a final assessment of the respondent, Department of Treasury, requiring the nonresident petitioners to pay taxes and interest on distributable income from a subchapter S corporation conducting business in Michigan. In Docket No. 157550, respondent, Department of Treasury, appeals as of right the Court of Claims order granting summary disposition to nonresident petitioners, Herbert D. Mendel and Audre Mendel, regarding their claim seeking a refund of taxes paid from distributable income from a subchapter S corporation conducting business in Michigan. The cases were consolidated on appeal.

In both cases, the material facts are not in dispute. In Docket No. 156762, the petitioners were stockholders in Automated Marketing Systems, Inc. (AMS), a subchapter S corporation, during the years 1984 through 1989. AMS is a Delaware corporation with its commercial domicile in the State of Illinois. Petitioners were residents of the State of Illinois. In each of the tax years at issue, none of the petitioners filed a Michigan income tax return, but, rather, only identified their income from the distributive shares of AMS on their federal income tax returns. During these

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

years, AMS did business in the State of Michigan. Pursuant to an audit, in 1991 the Department of Treasury issued a final assessment of income tax, penalty, and interest on each petitioner for the years 1984 through 1989.

On May 7, 1991, petitioners filed a petition for relief from these assessments with the Tax Tribunal. Both the petitioners and respondent filed a stipulation of facts. Petitioners moved for summary disposition. Following a hearing, the Tax Tribunal affirmed the tax and interest of the final assessment, but concluded that the penalty assessed was inappropriate and ordered it waived. Petitioners appeal from this order.

In Docket No. 157550, petitioner Herbert Mendel was the sole shareholder of Michigan Standard Alloys, Inc. (MSA), a subchapter S corporation, during the years 1986 through 1988. During those years, MSA paid Michigan single business tax on the portion of its single business tax base apportioned to Michigan. Petitioners, although not Michigan residents, filed a joint nonresident Michigan tax return. Petitioners paid taxes on income from compensation earned from personal services performed in Michigan, but did not pay taxes on their income from Herbert Mendel's distributive share of the net profits of MSA. On May 21, 1991, respondent issued a bill of taxes for tax and interest deficiencies for the years 1986 through 1988 totaling $428,803. On July 2, 1991, petitioners paid the full amount. On August 19, 1991, petitioners filed a complaint in the Court of Claims seeking a refund of the taxes and interest paid, with interest. A stipulation of facts was filed on April 20, 1992, and on May 19, 1992, petitioners moved for summary disposition. Following a hearing, the Court of Claims granted petitioners' motion. Respondent appeals from this decision.

In an issue of first impression, we must decide whether a nonresident individual's distributable income from a subchapter S corporation is taxable income that may be allocated to Michigan under the version of the Michigan Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, in effect before its amendment by 1990 PA 283.[1]

Chapter 1 of the act defines "taxable income" as federally defined adjusted gross income, subject to a list of adjustments that include "[a]djustments resulting from the allocation and apportionment provisions of chapter 3." MCL 206.30(1)(i); MSA 7.557(130)(1)(i); *Carman v Dep't of Treasury*, 205 Mich App 718, 720; 517 NW2d 884 (1994). Chapter 3 of the act contains the following provisions:

> Sec. 103. Any taxpayer having income from business activity which is taxable both within and without this state, other than the rendering of purely personal services by an individual, shall allocate and apportion his net income as provided in this act. [MCL 206.103; MSA 7.557(1103).]
>
> Sec. 110. (1) In the case of a resident individual, estate or trust all taxable income from any source whatsoever, except that attributable to another state under the provisions of sections 111 to 115 and subject to the credit provisions of section 255, is allocated to this state.
>
> (2) In the case of a nonresident individual, estate or trust all taxable income is allocated to this state to the extent it is earned, received or acquired:
>
> (a) For the rendition of personal services performed in this state.
>
> (b) As a distributive share of the net profits of an unincorporated business, profession, enterprise,

---

[1] Section 110(2)(b), MCL 206.110(2)(b); MSA 7.557(1110)(2)(b), was amended by 1990 PA 283, effective December 14, 1990, to eliminate the word "unincorporated" before the first occurrence of the word "business." Our analysis is based on the preamendment version of § 110(2)(b).

undertaking or other activity as the result of work done, services rendered and other business activities conducted in this state, except as allocated to another state pursuant to the provisions of sections 111 to 114 and subject to the credit provisions of section 256. [MCL 206.110; MSA 7.557(1110).]

Sec. 115. All business income, other than income from transportation services shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3. [MCL 206.115; MSA 7.557(1115).]

"Business income" is defined in Chapter 1 of the act as

income arising from transactions, activities and sources in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management and disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations. [MCL 206.4(2); MSA 7.557(104)(2).]

Here, the parties in each case propose two primarily competing interpretations of the foregoing provisions for determining whether distributable income received by a nonresident individual is taxable income that may be allocated to Michigan. Respondent argues that § 110(2)(b) defines the taxable sources of income only for *nonbusiness* income for a nonresident. Consequently, respondent concludes that § 110(2)(b) does not govern the answer in these cases because the distributable income from a subchapter S corporation is *business* income. See *Chocola v Dep't of Treasury,* 422 Mich 229; 369 NW2d 843 (1985)(income from an out-of-state subchapter S corporation is business income

under applicable Department of Treasury rules and may be apportioned and thereby excluded from a Michigan resident's tax base). Respondent suggests that § 115 governs both residents and nonresidents and requires that all business income, including income from a subchapter S corporation, be apportioned to this state according to the three-part formula.

In contrast, petitioners claim that under § 110(2)(b), income earned by a nonresident individual from a subchapter S corporation conducting business in Michigan is not taxable income in Michigan. They argue that the plain language of § 110(2) only requires a nonresident to pay income taxes on income generated from (a) personal services performed in this state and (b) business activities from *unincorporated* businesses that conduct business in this state. Thus, petitioners conclude that § 110(2) does not authorize the taxing of income generated by nonresidents from incorporated businesses such as subchapter S corporations.

In these cases, the Tax Tribunal and the Court of Claims rejected respondent's basic premise that § 110(2)(b) does not govern the outcome of the issue. In Docket No. 156762, the tribunal ruled that "MCL 206.110(2)(b), not MCL 206.115, controls the taxation of distributive income of nonresident shareholders." The tribunal concluded that the Legislature intended to tax nonresidents' dividends derived from "all income producing activities . . . whether the income producing activity was a business or nonbusiness, incorporated or unincorporated."[2] In Docket No. 157550, the Court of Claims concluded that § 110(2) defined taxable income for

[2] In reaching this result, the tribunal noted that the 1990 amendment of § 110(2)(b), 1990 PA 283, eliminated the word "unincorporated" before the word "business." The legislative analysis for this bill stated that this change was to make it clear that nonresidents could be taxed on their share of the net profits from a subchapter S

nonresidents and that the statute was clear that a nonresident is not subject to tax on the distributive share of the net profits of a subchapter S corporation.

When applying any legislation, it must first be determined whether the language of the statute is clear and unambiguous. *Rowell v Security Steel Processing Co*, 445 Mich 347, 351-352; 518 NW2d 409 (1994). Where the language is clear and unambiguous, no judicial interpretation is warranted. *Id.* at 353. Here, § 110(2)(b) clearly provides that the taxable income of nonresident individuals, estates, and trusts is allocated to Michigan to the extent it is earned, received, or acquired: (1) from personal services performed in Michigan and (2) as the distributive share of the net profits from an *unincorporated* business, profession, or activity conducted in Michigan. This language is unambiguous, and therefore must be applied as written. Hence, "taxable income" does not include distributable income earned by a nonresident individual from a subchapter S corporation.

Respondent's suggestion that § 110 governs only nonbusiness income does not fit the scheme or the language of the act. By an ordinary reading of Chapter 3 of the act, §§ 110(1) and (2) govern the general allocation of business and nonbusiness income for residents and nonresidents to Michigan by describing the sources of taxable income under Michigan law. Section 115 then governs the apportionment of the taxable business income that was identified as taxable income under § 110, based on

corporation. However, this amendment is not indicative of the legislative intent at the time the Legislature passed the Income Tax Act in 1967. The duty of this Court is to interpret the statute as it finds it. The wisdom of the provision in question in the form in which it was enacted is a matter of legislative responsibility for which courts may not interfere. *Jennings v Southwood*, 446 Mich 125, 142; 521 NW2d 230 (1994).

the formula provided.³ In other words, the sources of taxable income in Michigan are defined by § 110, and § 115 divides this income between Michigan and other states.⁴

Generally, this Court will accord deference to the construction placed upon statutory provisions by any particular department of government for a long period. *Ludington Service Corp v Acting Comm'r of Ins,* 444 Mich 481, 490; 511 NW2d 661 (1994), amended 444 Mich 1240 (1994). However, the principle that a longstanding interpretation of a statute by the agency that administers it is entitled to great weight does not control where the interpretation is clearly wrong. *In re Storm,* 204 Mich App 323, 327; 514 NW2d 538 (1994). Here, respondent's interpretation regarding the taxability of a nonresident individual's distributive income from a subchapter S corporation is clearly wrong and, therefore, does not warrant the deference that it might otherwise merit.

In sum, we conclude that a nonresident individual's distributive income from a subchapter S corporation conducting business in Michigan is not taxable income in Michigan under the preamendment version of § 110(2)(b). Accordingly, in Docket No. 156762, we reverse the order of the Tax Tribunal and dismiss the final assessments issued by respondent against the petitioners. In Docket No. 157550, we affirm the order of the Court of Claims.⁵

³ There is nothing in § 115 to indicate that it defines the sources of taxable business income.

⁴ "Allocate" is used to direct taxable income to one state, and "apportion" is used to divide taxable income among states.

⁵ Given our resolution of this case, we need not address the remainder of the issues raised.