ALMA PISTON COMPANY v DEPARTMENT OF TREASURY

Docket No. 209172. Submitted April 14, 1999, at Lansing. Decided June 25, 1999, at 9:15 A.M. Leave to appeal sought.

Alma Piston Company, a Michigan subchapter S corporation with nonresident shareholders, filed a petition in the Michigan Tax Tribunal, seeking a refund of part of the income tax paid for its nonresident shareholders' distributive share of the corporation's net profits for the 1990 calendar year. The petitioner claimed that the respondent Department of Treasury was entitled to collect taxes only for income earned from December 14, 1990, the effective date of a statutory amendment that made nonresident shareholders of Michigan subchapter S corporations subject to such tax, through December 31, 1990. The Tax Tribunal agreed and ordered the respondent to refund all taxes paid that were not attributable to the period of December 14, 1990, through December 31, 1990. The respondent appealed.

The Court of Appeals *held*:

The December 14, 1990, amendment of MCL 206.110(2)(b); MSA 7.557(1110)(2)(b) created a new obligation and a new duty in requiring nonresident shareholders of subchapter S corporations to pay taxes they were not required to pay before the amendment. Applying the amendment to the entire 1990 tax year would have a retroactive effect because it would create a new obligation with respect to the payment and receipt of shareholder dividends before the effective date of the amendment. The Legislature did not expressly or impliedly indicate an intent to give retroactive effect to the amendment. The Tax Tribunal properly determined that the amendment should not be applied retroactively.

Affirmed.

TAXATION — CORPORATIONS — SUBCHAPTER S CORPORATIONS — NONRESIDENTS — TAXABLE INCOME.

The amendment of subsection 110(2)(b) of the Income Tax Act, effective December 14, 1990, created a new obligation and a new duty by requiring nonresident shareholders of subchapter S corporations to pay taxes on their distributive share of the net profits of the corporation when they were not required to do so before the amendment; the amendment does not apply retroactively to the share-

holders' distributive share of the corporations' net profits attributable to the period before December 14, 1990 (MCL 206.110[2][b]; MSA 7.557[1110][2][b]).

*Gamble, Rosenberger & Joswick LLP* (by *David M. Rosenberger*), and *Dykema Gossett PLLC* (by *Mark C. Larson*), for Alma Piston Company.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Tracy A. Sonneborn*, Assistant Attorney General, for the Department of Treasury.

Before: FITZGERALD, P.J., and DOCTOROFF and WHITE, JJ.

PER CURIAM. Respondent appeals as of right from a judgment of the Michigan Tax Tribunal ordering respondent to refund taxes assessed from January 1, 1990, through December 13, 1990, on nonresident shareholders' distributive shares of petitioner's net profits. We affirm.

Petitioner is a Michigan subchapter S corporation with nonresident shareholders. On December 13, 1990, the Legislature passed 1990 PA 283, which amended subsection 110(2)(b) of the Income Tax Act, MCL 206.110(2)(b); MSA 7.557(1110)(2)(b), to provide for income tax liability for nonresident shareholders of Michigan subchapter S corporations, based on the shareholders' distributive shares of the corporations' net profits. Before the December 14, 1990, effective date of the amendment of subsection 110(2)(b), nonresident shareholders of Michigan subchapter S corporations were not subject to income tax liability for their share of the corporations' net profits. *Bachman v Dep't of Treasury*, 215 Mich App 174, 182; 544 NW2d 733 (1996). However, as

amended, subsection 110(2)(b) clearly imposes tax liability on petitioner's nonresident shareholders for their distributive shares.

The Legislature indicated that the amendment of subsection 110(2)(b) by 1990 PA 283 was to take immediate effect, which occurred when the act was filed with the Secretary of State on December 14, 1990. Pursuant to the amendment, respondent assessed and collected income tax for petitioner's nonresident shareholders' distributive share of the subchapter S corporation's net profits for the entire 1990 calendar year. Petitioner paid $86,209 in income tax for its nonresident shareholders and thereafter filed a petition for a refund on the basis of its position that respondent was only entitled to collect taxes for income earned from December 14, 1990, the effective date of the amendment, through December 31, 1990. The Michigan Tax Tribunal agreed with petitioner's position and ordered respondent to refund all the taxes paid pursuant to the amendment for the entire 1990 calendar year, except for the portion attributable to the period of December 14, 1990, through December 31, 1990.

The issue before us is whether the Tax Tribunal correctly determined that the amendment subjecting nonresident shareholders of Michigan subchapter S corporations to tax liability applied to the entire 1990 tax year or applied only to income earned from December 14, 1990, through December 31, 1990. In the absence of fraud, this Court's review of a decision of the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle. *Michigan Bell Telephone Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994).

The tribunal's factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record. *Id.*

As amended, subsection 110(2) provides:

> For a nonresident individual, estate, or trust, all taxable income is allocated to this state to the extent it is earned, received, or acquired in 1 or more of the following ways:
>
> (a) For the rendition of personal services performed in this state.
>
> (b) As a distributive share of the net profits of a business[1], profession, enterprise, undertaking, or other activity as the result of work done, services rendered, or other business activities conducted in this state, except as allocated to another state pursuant to the provisions of sections 111 to 114 and subject to the credit provisions of section 256. [MCL 206.110(2)(a) and (b); MSA 7.557(1110)(2)(a) and (b).]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If reasonable minds can differ with respect to the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Public School Employees' Retirement System*, 458 Mich 326, 332; 582 NW2d 767 (1998). Tax statutes are construed most strongly against the government where there is doubt over their interpretation. *Comerica Bank-Detroit v Dep't of Treasury*, 194 Mich App 77, 92; 486 NW2d 338 (1992). Here, the language of the statute itself is not at issue. Rather, we must determine the meaning of the provision that the amendment was to

---

[1] The December 14, 1990, amendment of subsection 110(2)(b) eliminated the word "unincorporated" before the word "business."

take immediate effect when filed with the Secretary of State on December 14, 1990.

Respondent asserts that applying the amendment to the entire 1990 tax year is not a retroactive application of the amendment because taxes are calculated once a year at the conclusion of the tax year, and the amendment was adopted within the 1990 tax year. We disagree. A retroactive or retrospective statute " 'is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past.' " *In re Certified Questions (Karl v Bryant Air Conditioning Co)*, 416 Mich 558, 571; 331 NW2d 456 (1982) (citation omitted). The December 14, 1990, amendment created a new obligation and a new duty in that it required nonresident shareholders of subchapter S corporations to pay taxes on their distributive share of the net profits of the corporation when they were not required to do so before the amendment. Contrary to respondent's argument, applying the amendment to the entire 1990 tax year would have a retroactive effect because it created a new obligation with respect to "transactions or considerations already past," that is, payment and receipt of shareholder dividends before the effective date of the amendment.

The question to be determined, then, is whether the Legislature intended the amendment to apply retroactively to the entire 1990 tax year. Generally, statutory amendments are presumed to operate prospectively. *Cipri v Bellingham Frozen Foods, Inc*, 213 Mich App 32, 37; 539 NW2d 526 (1995). An amendment that affects substantive rights will not be construed to

apply retroactively unless the Legislature clearly expressed such an intent. *Hurd v Ford Motor Co*, 423 Mich 531, 535; 377 NW2d 300 (1985); *Cipri, supra.* Here, the Legislature did not expressly or impliedly indicate an intent to give retroactive effect to the amendment. Significantly, the language of the amendment does not expressly indicate an intent to give retroactive effect to the amendment. Had the Legislature intended the amendment to have retroactive effect for the entire 1990 tax year, it easily could have inserted words, such as "beginning in the 1990 tax year," to express that intent, as it has done in numerous other tax statutes. See MCL 206.508(2); MSA 7.557(1508)(2), which was also amended by 1990 PA 283, MCL 206.261; MSA 7.557(1261), MCL 206.265; MSA 7.557(1265), MCL 206.273; MSA 7.557(1273). "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). Furthermore, the legislative history of the amendment indicates that, although a proposal was made to include the phrase "beginning in the 1990 tax year," that phrase was not included in the final public act.

As already stated, the rules of statutory construction provide that an amendment is presumed to operate prospectively unless the Legislature indicates a contrary intent. *Hurd, supra* at 535; *Cipri, supra* at 37. The Legislature, which is presumed to be familiar with such rules of statutory construction, *Smeester v Pub-N-Grub, Inc (On Remand)*, 208 Mich App 308, 312; 527 NW2d 5 (1995), did not expressly or

impliedly indicate an intent to give retroactive effect to the December 14, 1990, amendment of subsection 110(2)(b). Thus, in the absence of any expression of a contrary intent, and recognizing that any ambiguity in a tax statute must be construed against the government, *Comerica Bank, supra* at 92, we are persuaded that the Tax Tribunal correctly determined that the amendment should not have been applied retroactively to the entire 1990 tax year and that petitioner was entitled to a refund of the taxes assessed pursuant to the amendment from January 1, 1990, to December 13, 1990.

Affirmed.