BLASER v EAST BAY TOWNSHIP

Docket No. 215939. Submitted April 5, 2000, at Lansing. Decided August
    18, 2000, at 9:10 A.M. Leave to appeal sought.

    Robert and Elizabeth Blaser filed a petition in the Tax Tribunal chal-
        lenging the finding of the assessor of respondent East Bay Town-
        ship that a petition for the construction of a sanitary sewer system
        within a special assessment district was signed by the record own-
        ers of land constituting more than fifty percent of the total land
        area in the special assessment district and therefore met the statu-
        tory requirements for such construction. The petitioners alleged
        that wetlands located within the special assessment district were
        erroneously excluded as nonassessable property and that if those
        wetlands were included as assessable property the signatures on
        the petition were insufficient to satisfy the fifty percent require-
        ment of MCL 41.723(3)(a); MSA 5.2770(53)(3)(a). The tribunal
        found that the wetlands were properly excluded and therefore the
        signatures were sufficient. The petitioners appealed.

        The Court of Appeals *held*:

        1. The exclusion of the wetlands from the special assessment dis-
        trict was statutorily required in this case.

        2. A special assessment must have a direct benefit to the prop-
        erty assessed. The petitioners do not allege that the wetlands will
        benefit from the sewer system.

        3. Lands not subject to special assessment and lands within a
        public highway or alley are not to be included in computing front-
        age or an assessment district area. The wetlands in this case are
        not subject to assessment for the sewer system and should not be
        considered for the purpose of the signature requirements.

        Affirmed.

TOWNSHIPS — IMPROVEMENTS — SPECIAL ASSESSMENT DISTRICTS — PETITIONS
    SEEKING CONSTRUCTION.

    A petition seeking construction of an authorized improvement by a
        township in a special assessment district must be signed by the
        record owners of land constituting more than fifty percent of the
        total land area in the special assessment district as finally estab-
        lished by the township board; lands not subject to special assess-
        ment and lands within a public highway or alley are not included in

computing frontage or the total land area in a special assessment district; land that would not receive a direct benefit as a result of the improvement is not subject to special assessment and may not be considered for the purpose of the signature requirement (MCL 41.721, 41.722, 41.723[3][a], [4]; MSA 5.2770[51], 5.2770[52], 5.2770[53][3][a], [4]).

*Calcutt Cunningham Davison Rogers Boynton & Petterson* (by *William M. Davison*), for the petitioners.

*Running, Wise, Ford & Phillips, P.L.C.* (by *Richard W. Ford*), for the respondent.

Before: WILDER, P.J., and MCDONALD and DOCTOROFF, JJ.

PER CURIAM. Petitioners Robert Blaser and Elizabeth Blaser appeal as of right from an order of the Michigan Tax Tribunal denying their petition challenging the establishment of a special assessment district for the construction of a sanitary sewer system in respondent East Bay Township. Specifically, petitioners contend that respondent failed to acquire the requisite number of signatures from landowners whose property was to be included within the special assessment district. We affirm.

In 1995, a group of landowners along Four Mile Road in East Bay Township filed a petition for the construction of a sewer system. The petition outlined a special assessment district containing 106.1347 acres. Petitioners' property was located within the proposed special assessment district. Respondent designated 34.6047 acres within the special assessment district as wetlands, leaving 71.53 acres of nonwetlands property within the special assessment district. Pursuant to MCL 41.723(3)(a);    MSA

5.2770(53)(3)(a), the township board could not proceed with the construction of the sanitary sewer system until another petition was filed with the board signed by "the record owners of land constituting more than 50% of the total land area in the special assessment district as finally established by the township board." The record owners of 37.76 acres of land within the special assessment district signed the petition for the construction of the sanitary sewer. The township assessor determined that the petition was sufficient because it was signed by the record owners of 52.79 percent of the land within the special assessment district, not including the wetlands property, and, therefore, the petition satisfied the requirements of MCL 41.723(3)(a); MSA 5.2770(53)(3)(a).

Petitioners then filed a petition in the Michigan Tax Tribunal challenging the township assessor's finding that the petition for the construction of the sanitary sewer system was signed by the record owners of more than fifty percent of the land within the special assessment district. Petitioners argued that the wetlands located within the special assessment district were erroneously excluded as nonassessable property, and that if the wetlands were included as assessable property within the special assessment district, the signatures on the petition were of the record owners of only approximately thirty-five percent of the land within the special assessment district. The tribunal disagreed, finding after a hearing that the wetlands were properly excluded from the special assessment district and that, therefore, the signatures on the petition were sufficient.

On appeal, petitioners contend that the tribunal erred in concluding that the township properly

excluded wetlands property as assessable property within the special assessment district and, therefore, erred in concluding that landowners of a sufficient percentage of assessable land within the special assessment district had signed the petition. We disagree. In the absence of fraud, this Court's review of a decision of the Tax Tribunal is limited to determining whether the tribunal erred in applying the law · or adopted a wrong principle. *Michigan Bell Telephone Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994); *Alma Piston Co v Dep't of Treasury*, 236 Mich App 365, 367; 600 NW2d 144 (1999). The tribunal's factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record. *Michigan Bell, supra; Alma Piston, supra* at 368. Questions of statutory interpretation are reviewed de novo. *Benedict v Dep't of Treasury*, 236 Mich App 559, 563; 601 NW2d 151 (1999).

Petitioners' appellate brief mainly focuses on whether respondent presented sufficient evidence to support a finding that the township had a policy of excluding wetlands when establishing special assessment districts where the wetlands are not developed and, therefore, will not benefit from the improvement. However, whether such a township policy existed is not dispositive of the issue raised on appeal. Regardless of such a policy, the exclusion of the wetlands from the special assessment district in the instant case was statutorily required.

MCL 41.721; MSA 5.2770(51) grants townships the authority to make improvements and to establish special assessment districts to pay for the improvements:

> The township board has the power to make an improve-
> ment named in this act,[1] to provide for the payment of an
> improvement by the issuance of bonds as provided in [MCL
> 41.735; MSA 5.2770(65)], and to determine that the whole or
> any part of the cost of an improvement shall be defrayed by
> special assessments *against the property especially bene-*
> *fited by the improvement.* The cost of engineering services
> and all expenses incident to the proceedings for the making
> and financing of the improvement shall be deemed to be a
> part of the cost of the improvement. [Emphasis added.]

It is clear from the language of the statute that a special assessment must have a direct benefit to the property assessed. *Graham v Kochville Twp*, 236 Mich App 141, 151-152, 154; 599 NW2d 793 (1999); *Ahearn v Bloomfield Charter Twp*, 235 Mich App 486, 493; 597 NW2d 858 (1999). Furthermore, "[i]n determining the sufficiency of the petition, lands not subject to special assessment and lands within a public highway or alley shall not be included in computing frontage or an assessment district area." MCL 41.723(4); MSA 5.2770(53)(4). It follows that the wetlands at issue in the instant case are not subject to assessment for the sanitary sewer system, and should not be considered for the purpose of the signature requirement, if they will derive no benefit from the sewer system.

Except for certain statutorily specified uses,[2] and without a permit from the Department of Natural Resources, a person may not "[c]onstruct, operate, or maintain any use or development in a wetland." MCL 324.30304(c); MSA 13A.30304(c). Clearly, undeveloped

---

[1] The construction of a sanitary sewer is one of the improvements authorized by the act. MCL 41.722(1)(a); MSA 5.2770(52)(1)(a).

[2] See MCL 324.30305; MSA 13A.30305.

land does not benefit from a sanitary sewer system. In fact, petitioners do not argue that the wetlands will benefit from the sewer system. Respondent presented testimony that the wetlands at issue are "unbuildable," and, therefore, will derive no benefit from a sewer system.[3] Petitioners presented no evidence to the contrary. Petitioners have failed to demonstrate that the tribunal erred in applying the law, that the tribunal adopted a wrong principle, or that the tribunal's factual findings were not supported by competent, material, and substantial evidence. *Michigan Bell, supra; Alma Piston, supra.* Accordingly, we affirm the tribunal's order affirming the sufficiency of the signatures on the petition.

Affirmed.

---

[3] Respondent presented further evidence that the township's position was that, if an owner of wetland property developed the property at some point in the future, that owner would be charged an amount equal to the assessment paid by the owners of nonwetland property within the special assessment district.