WISNE v DEPARTMENT OF TREASURY

Docket Nos. 216850, 216914. Submitted January 9, 2001, at Lansing. Decided January 16, 2001, at 9:15 A.M. Leave to appeal sought.

Anthony W. Wisne, a nonresident of Michigan, brought an action in the Court of Claims against the Michigan Department of Treasury, seeking a refund of Michigan income taxes he paid on 1990 income distributed to him as a shareholder of Michigan S corporations. The court, Richard D. Ball, J., granted partial summary disposition for the plaintiff, ruling that a nonresident shareholder's distributive income from a Michigan S corporation was exempt from Michigan income tax under MCL 206.110(2)(b); MSA 7.557(2)(b) before it was amended by 1990 PA 283, effective December 14, 1990, and subject to Michigan income tax after the amendment. The defendant appealed, claiming that the Court of Claims incorrectly determined that subsection 110(2)(b), as amended by 1990 PA 283, does not allocate to Michigan the distributive share of a nonresident shareholder's income before the act's effective date of December 14, 1990. (Docket No. 216850). The plaintiff appealed, claiming that the Court of Claims incorrectly determined that a nonresident shareholder's distributive income from a Michigan S corporation after December 14, 1990, is allocated to Michigan under the Income Tax Act, MCL 206.1 et seq.; MSA 7.557(101) et seq., as amended by 1990 PA 283. (Docket No. 216914). The appeals were consolidated.

The Court of Appeals held:

1. The issue raised by the defendant was squarely addressed in Alma Piston Co v Dep't of Treasury, 236 Mich App 365 (1999), in which the Court of Appeals held that 1990 PA 283 is not applicable to the period before December 14, 1990. The Court of Claims properly determined that the amendment does not apply retroactively.

2. Subsection 110(2)(b), as amended by 1990 PA 283, by its plain meaning, clearly imposes tax liability on the distributive share of the net profits "of a business, profession, enterprise, undertaking, or other activity as the result of work done, services rendered, or other business activities conducted in this state, except as allocated to another state pursuant to [MCL 206.111-206.114; MSA 7.557(1111)-7.557(1114)]." Because the language of the statute is clear, judicial construction is not permitted. Accordingly, a nonresi-

dent shareholder's distributive income from an S corporation is by definition taxable income allocated to Michigan after December 14, 1990. Such income, being business income, is subject to apportionment pursuant to MCL 206.115; MSA 7.557(1115).

Affirmed.

TAXATION — INCOME TAX — S CORPORATIONS — NONRESIDENT SHAREHOLDERS.

Income a Michigan S corporation that does business in Michigan distributes to a nonresident shareholder after December 14, 1990, is allocated to Michigan under the Income Tax Act (MCL 206.110[2][b]; MSA 7.557[2][b], as amended by 1990 PA 283).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Samuel J. McKim, III* and *Joanne B. Faycurry*), for the plaintiff.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Kevin T. Smith,* Assistant Attorney General, for the defendant.

Before: SAWYER, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. In Docket No. 216850, defendant Department of Treasury appeals as of right the Court of Claims order granting plaintiff Anthony W. Wisne's motion for partial summary disposition, holding that 1990 PA 283 did not apply to the calculation of the Michigan income tax due on a nonresident shareholder's distributive income from a Michigan S corporation doing business in Michigan received before the act's effective date of December 14, 1990. In Docket No. 216914, plaintiff appeals as of right the order denying his claim for a refund of income taxes paid for the period of December 14 through December 31, 1990, on the ground that a nonresident shareholder's distributive share of a Michigan S corporation is subject to Michigan income taxes after the act's effective date of December 14, 1990. We affirm.

Plaintiff, a resident of Florida, is a shareholder in several Michigan businesses that are known as "S corporations" under § 1361 of the Internal Revenue Code, 26 USC 1361. Plaintiff filed a claim for a refund of Michigan income taxes paid during the 1990 tax year on the ground that as a nonresident his 1990 distributive income from S corporations was exempt from Michigan income taxes pursuant to *Bachman v Dep't of Treasury*, 215 Mich App 174; 544 NW2d 733 (1996). In *Bachman*, the Court held that the income earned by nonresident S corporation shareholders was not taxable income under the preamendment version of subsection 110(2)(b) of the Income Tax Act (ITA), MCL 206.110(2)(b); MSA 7.557(1110)(2)(b).

However, subsection 110(2)(b) was amended by 1990 PA 283, immediately effective December 14, 1990. The provision was amended as follows:

(2) ~~In the case of~~ *For* a nonresident individual, estate, or trust, all taxable income is allocated to this state to the extent it is earned, received, or acquired *in 1 or more of the following ways*:

(a) For the rendition of personal services performed in this state.

(b) As a distributive share of the net profits of ~~an unincorporated~~ *a* business, profession, enterprise, undertaking, or other activity as the result of work done, services rendered, ~~and~~ *or* other business activities conducted in this state, except as allocated to another state pursuant to the provisions of [MCL 206.111 to MCL 206.114] and subject to the credit provisions of [MCL 206.256; MSA 7.557(1256)] (Emphasis added.).[1]

---

[1] This is not the current version of the statute. A 1996 amendment, 1996 PA 484, removed the phrases "the provisions of" and "the credit provisions of" in subsection 2(b). That change is not relevant to this appeal.

On August 13, 1996, defendant denied plaintiff's refund claim for 1990 on the ground that the adoption of 1990 PA 283 rendered a nonresident shareholder's distributive share of an S corporation subject to Michigan income tax for the entire tax year during which the amendment became effective.

Plaintiff filed the present action on November 8, 1996. On June 5, 1997, the Court of Claims ruled that 1990 PA 283 did not apply before December 14, 1990, and therefore granted partial summary disposition on this issue. Defendant appeals from this order in Docket No. 216850. On May 4, 1998, the Court of Claims issued an order holding that a nonresident shareholder's distributive income from an S corporation is subject to Michigan income taxes after December 14, 1990. Plaintiff appeals from this order in Docket No. 216914.

DOCKET NO. 216850

Defendant treasury department argues that the Court of Claims incorrectly determined that subsection 110(2)(b), as amended by 1990 PA 283, does not allocate to Michigan the distributive share of a non-resident shareholder's income before the act's effective date of December 14, 1990. A panel of this Court squarely addressed this issue of law in *Alma Piston Co v Dep't of Treasury*, 236 Mich App 365; 600 NW2d 144 (1999), and held that 1990 PA 283 is not applicable to the period before December 14, 1990. Because we believe that *Alma Piston* was correctly decided, we decline defendant's request to reject the holding in that decision and declare a conflict. Accordingly, we conclude that the Court of Claims properly deter-

mined that the amendment does not apply retroactively.

Plaintiff contends that the Court of Claims incorrectly determined that a nonresident shareholder's distributive income from a Michigan S corporation after December 14, 1990, may be allocated to Michigan under the ITA, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, as amended by 1990 PA 283.

### I. THE ITA BEFORE AMENDMENT BY 1990 PA 283

Chapter 1 of the ITA before amendment by 1990 PA 283 defined "taxable income" as federally defined adjusted gross income, subject to a list of adjustments that included "[a]djustments resulting from the allocation and apportionment provisions of chapter 3." MCL 206.30(1)(i); MSA 7.557(130)(1)(i). Chapter 3 of the act contained the following provisions:

> Sec. 103. Any taxpayer having income from business activity which is taxable both within and without this state, other than the rendering of purely personal services by an individual, shall allocate and apportion his net income as provided in this act. [MCL 206.103; MSA 7.557(1103).]
>
> Sec. 110. (1) For a resident individual, estate, or trust, all taxable income from any source whatsoever, except that attributable to another state under sections 111 to 115 and subject to section 255, is allocated to this state.
>
> (2) In the case of a nonresident individual, estate or trust all taxable income is allocated to this state to the extent it is earned, received, or acquired:
>
> (a) For the rendition of personal services performed in this state.

(b) As a distributive share of the net profits of an unincorporated business, profession, enterprise, undertaking, or other activity as the result of work done, services rendered, or other business activities conducted in this state, except as allocated to another state pursuant to sections 111 to 114 and subject to section 256. [MCL 206.110; MSA 7.557(1110).][2]

Sec. 115. All business income, other than income from transportation services shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3. [MCL 206.115; MSA 7.557(1115).]

"Business income" was defined in chapter 1 of the act as

income arising from transactions, activities and sources in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management and disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations. [MCL 206.4(2); MSA 7.557(104)(2).]

*Bachman, supra,* dealt with the preamendment version of subsection 110. In *Bachman,* the Court held that a nonresident shareholder's distributive income from an S corporation conducting business in Michigan is not taxable income that may be allocated to Michigan under the preamendment version of the ITA.

The parties propose two competing interpretations of subsection 110(2)(b), as amended by 1990 PA 283, for determining whether distributive income received by a nonresident individual is taxable income that

---

[2] This is not the current version of the statute. A 1996 amendment, 1996 PA 484, deleted "the provisions of" following "under" and "the credit provisions of" following "subject to" in both subsections 110(1) and 110(2)(b).

may be allocated to Michigan. Defendant argues that distributive income from an S corporation is business income allocated to Michigan that must be apportioned in accordance with §§ 103 and 115 of the act. See *Chocola v Dep't of Treasury*, 422 Mich 229; 369 NW2d 843 (1985) (income from an out-of-state S corporation is business income under applicable Department of Treasury rules and may be apportioned and thereby excluded from a Michigan resident's tax base). Defendant suggests that § 115 governs both residents and nonresidents and requires that all taxable business income, including income from an S corporation, be apportioned to this state according to the three-part formula.

In contrast, plaintiff contends that under subsection 110(2)(b) income earned by a nonresident shareholder from an S corporation conducting business in Michigan is not taxable income that may be allocated to Michigan. He argues that subsection 110(1), which applies to residents, expressly references § 115 (addressing the apportionment of business income) while subsection 110(2), which applies to nonresidents, does not. Plaintiff cites *Bachman* in support of the assertion that "a nonresident individual's distributive income from an S corporation conducting business in Michigan is not taxable income that may be allocated to Michigan." However, as discussed above, *Bachman* was based on the preamendment version of subsection 110(2)(b), which specifically allocated the taxable income of nonresidents to Michigan to the extent it is earned, received, or acquired as the distributive share of the net profits from an *unincorporated* business, profession, or activity conducted in Michigan. Because subsection 110(2)(b) has been

amended to delete the word "unincorporated," *Bachman's* holding that "taxable income" does not include distributive income earned by a nonresident individual from an S corporation is not controlling in the present case.

*Alma Piston, supra,* addressed the issue of the retroactivity of the amendment of subsection 110(2)(b) and held that the amendment does not apply retroactively to the shareholders' distributive share of the corporations' net profits attributable to the period before December 14, 1990.

Neither *Bachman* nor *Alma Piston* squarely addressed the issue presented here, that is, whether a nonresident shareholder's distributive income from an S corporation is taxable income that may be allocated to Michigan under the ITA.[3]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 513; 573 NW2d 611 (1998). If reasonable minds can differ with respect to the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Public School Employees' Retirement System,* 458 Mich 326, 332; 582 NW2d 767 (1998). Tax statutes are construed most strongly against the government where there is

---

[3] However, both cases alluded in dicta to this precise issue. In *Bachman,* the Court noted that the 1990 amendment of subsection 110(2)(b) eliminated the word "unincorporated" before the word "business" and that the "legislative analysis for this bill [1990 PA 283] stated that this change was to make it clear that nonresidents could be taxed on their share of the net profits from a subchapter S corporation." *Bachman, supra* at 180-181, n 2. In *Alma Piston,* the Court noted that "as amended, subsection 110(2)(b) clearly imposes tax liability on petitioner's nonresident shareholders for their distributive share." *Alma Piston, supra* at 366-367.

doubt over their interpretation. *Comerica Bank-Detroit v Dep't of Treasury*, 194 Mich App 77, 92; 486 NW2d 338 (1992).

Here, the Legislature amended subsection 110(2)(b) to eliminate the word "unincorporated." A change in a statutory phrase is presumed to reflect a change in the meaning. *Eaton Farm Bureau v Eaton Twp*, 221 Mich App 663, 668; 561 NW2d 884 (1997), remanded 457 Mich 887 (1998), on remand 231 Mich App 622; 588 NW2d 142 (1998). By its plain meaning, subsection 110(2)(b) clearly imposes tax liability on the distributive share of the net profits of "a business, profession, enterprise, undertaking, or other activity as the result of work done, services rendered, or other business activities conducted in this state, *except as allocated to another state pursuant to the provisions of sections 111 to 114* . . . ." (Emphasis added.) Because the language of the statute is clear, judicial construction is not permitted. Accordingly, a nonresident shareholder's distributive income from an S corporation is by definition taxable income allocated to Michigan after December 14, 1990. Because the income is business income, *Chocola, supra* at 243-245, the income is, however, subject to apportionment pursuant to § 115. MCL 206.103; MSA 7.557(1103) (any taxpayer having income from business activity that is taxable both within and without Michigan must apportion the income as provided in the remainder of the act).

Plaintiff's argument that a nonresident's business income is not taxable in Michigan because subsection 110(2)(b) makes no reference to § 115 ("all business income . . . shall be apportioned to this state . . . ") is misplaced.

By an ordinary reading of Chapter 3 of the act, §§ 110(1) and (2) govern the general allocation of business and non-business income for residents and nonresidents to Michigan by describing the sources of taxable income under Michigan law. Section 115 then governs the apportionment of the taxable business income that was identified as taxable income under § 110, based on the formula provided. In other words, sources of taxable income are defined by § 110, and § 115 divides the business income between Michigan and other states.[4] [*Bachman, supra* at 181-182.]

As originally drafted in 1967 PA 281, neither subsection 110(1) nor subsection 110(2) referenced § 115. As originally drafted, subsection 110(1) read as follows:

In the case of a resident individual, estate, or trust all taxable income from any source whatsoever, except that allocated to another state under the provisions of sections 111 to 114 and subject to the credit provisions of section 255, is allocated to this state.

Subsection 110(2) read as follows:

In the case of a nonresident individual, estate or trust all taxable income is allocated to this state to the extent it is earned, received or acquired:

(a) For the rendition of personal services performed principally in this state.

(b) As a distributive share of the net profits of an unincorporated business, profession, enterprise, undertaking or other activity as the result of work done, services rendered and other business activities conducted in this state, except as allocated to another state pursuant to the provisions of sections 111 to 114 and subject to the credit provisions of section 256.

---

[4] "Allocate" is used to direct taxable income to one state, and "apportion" is used to divide taxable income among states. *Bachman, supra* at 182, n 4.

To have held that § 115, requiring the apportionment of business income, applied to neither residents nor nonresidents as originally drafted would have rendered § 115 surplus and led to an absurd result. However, strict application of the original language of subsection 110(1) could lead to the implication that all of a resident's income from any source must be *allocated* to Michigan unless specifically allocated to another state under sections 111 to 114. Hence, a resident could arguably have ignored the attribution provisions of § 115 and *allocated* all business income to Michigan. The Legislature, apparently recognizing the potential for improper allocation of "business income," amended subsection 110(1) by excepting business income attributable to another state and expressly incorporating § 115. 1969 PA 332. The addition of a reference to § 115 made it clear that even for residents, "business income" was subject to apportionment pursuant to § 115.

A similar amendment of subsection 110(2) was not necessary because subsection 110(2) limits the sources of income that are allocated to Michigan. For nonresidents under subsection 110(2)(b), only specific "business income" is allocated to Michigan. Consequently, unlike subsection 110(1), 110(2) could not be read to require allocation of *all* income to Michigan, and no conflict existed between subsection 110(2) and §§ 103 and 115 as originally drafted. Thus, it was unnecessary to add a reference to § 115 when the ITA was amended by 1969 PA 332.

Affirmed.