# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH J. SPEICHER,

      Petitioner-Appellant,

v

TOWNSHIP OF COLUMBIA,

      Respondent-Appellee.

UNPUBLISHED
January 11, 2018

No. 335265
Tax Tribunal
LC No. 14-007923-R-TT[1]

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Petitioner, Kenneth J. Speicher, appeals as of right the final opinion and judgment of the Michigan Tax Tribunal granting summary disposition in favor of respondent, Township of Columbia, and affirming the special assessment levied by the Township. We affirm.

## I. BACKGROUND

This appeal arises out of a $130 special assessment that the Township imposed on each parcel of property abutting Saddle Lake. The purpose of the special assessment was to control aquatic plants and weeds in Saddle Lake.

Speicher filed a petition with the Tax Tribunal challenging the special assessment. He subsequently filed a motion for summary disposition under MCR 2.116(C)(10), arguing that the special assessment was invalid. The Township responded, defending the creation of the special assessment district and the validity of the assessment. The Tax Tribunal denied Speicher's motion for summary disposition and granted summary disposition in favor of the Township under MCR 2.116(I)(1) after determining that Speicher identified no genuine issue of material fact regarding the validity of the special assessment.

## II. STANDARD OF REVIEW

---

[1] The Tax Tribunal initially dismissed the case. When it reinstated the case, it ordered the addition of an "R" to the docket number.

"In the absence of fraud, our review of the Tax Tribunal's decision is limited to determining whether the tribunal misapplied the law or adopted a wrong principle." *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 244; 801 NW2d 629 (2010). This Court reviews de novo a grant of summary disposition under MCR 2.116(I)(1), *Kenefick v Battle Creek*, 284 Mich App 653, 654; 774 NW2d 925 (2009), as well as statutory and constitutional questions, *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 312; 683 NW2d 148 (2004).

## III. DISCUSSION

First, Speicher argues that the Tax Tribunal failed to make findings of fact. However, a "court may not make factual findings when deciding a motion for summary disposition." *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 463; 708 NW2d 448 (2005). Accordingly, in this case, the tribunal did not err by not making findings of fact when it granted summary disposition.

Next, Speicher argues that the Tax Tribunal erred when it concluded that Const 1963, art 6, § 28 was inapplicable. That section provides for judicial review of final administrative decisions that "are judicial or quasi-judicial and affect private rights or licenses[.]" Const 1963, art 6, § 28. Municipal decisions about special assessments reflect the municipality's legislative power. See *Dixon Rd Group v City of Novi*, 426 Mich 390, 408; 395 NW2d 211 (1986). In this case, the Township was not acting in a judicial or quasi-judicial capacity when it established the special assessment district. Therefore, the tribunal correctly determined that Const 1963, art 6, § 28 did not apply to the Township's establishment of the special assessment district.

Speicher further argues that the tribunal erred by not requiring a "finding of necessity." A township may make certain improvements and levy "special assessments against the property especially benefited by the improvement" to defray the cost of the improvement, including the "cost of engineering services and all expenses" incidental to the cost of the improvement. MCL 41.721. On the authorized list of improvements is "[t]he eradication or control of aquatic weeds and plants." MCL 41.722(1)(*l*). Under MCL 41.721, "a special assessment must have a direct benefit to the property assessed." *Blaser v East Bay Twp*, 242 Mich App 249, 253; 617 NW2d 742 (2000).

Speicher fails to provide any support for the notion that a township is required to make a "determination of necessity" before imposing a special assessment for an improvement. Instead, Speicher relies on *Citizens for Responsible Improvement v Cottrellville Twp*, unpublished per curiam opinion of the Court of Appeals, issued August 19, 2008 (Docket No. 276837), p 5. Not only is this case nonbinding, MCR 7.215(C)(1), but we do not read the case to contain a requirement of necessity. Therefore, the tribunal correctly held that the applicable statutory provisions do not require a determination of necessity, only a connection between the special assessment and the benefit to the property.

Speicher next argues that the benefit to his property was not proportionate to the special assessment because the Township charged a flat fee without taking into account the size of the

parcel of property or the extent of the property's lake frontage.[2] A special assessment must be proportionate to the benefit the property receives from the assessment. *Highland-Howell Dev Co, LLC v Marion Twp*, 478 Mich 932, 933; 733 NW2d 761 (2007). Although this principle of proportionality does not require a "rigid dollar-for-dollar balance between the amount of the special assessment and the amount of the benefit," a disproportionate relationship "between the two would be akin to the taking of property without due process of law." *Dixon Rd Group*, 426 Mich at 402-403. Thus, municipal decisions about special assessments are generally valid unless "there is a substantial or unreasonable disproportionality between the amount assessed and the value which accrues to the land as a result of the improvements." *Id*. at 403. In this case, the tribunal upheld the validity of the special assessment on the basis of Speicher's lack of evidence. Speicher noted the difference in sizes and in lake frontage among the parcels of property apparent on the map, but he presented no evidence of disproportionality or about the value of his property. Thus, we agree with the Tribunal that he did not overcome the presumption of validity.

Finally, Speicher argues that the Township exceeded the scope of the special assessment by using water aeration as its chosen method of weed control. The resolution adopted by the Township provided for "the aquatic management and control and partial eradication of aquatic plants and weeds within Saddle Lake by means of chemical and/or biological means and/or weed harvesting *or any other means . . . .*" (Emphasis added.) Water aeration falls within "any other means." The special assessment had the specific purpose of controlling aquatic plants and weeds, and water aeration, intended to achieve that goal, falls within the defined purpose. Therefore, Speicher's argument is without merit.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle

---

[2] Within his proportionality argument, Speicher makes cursory statements regarding multiple parcels being grouped together. However, the argument is unclear and unsupported, and he does not rationalize or develop his position. Thus, we deem the argument abandoned. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (deeming an issue abandoned after explaining that "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority") (citations omitted). Moreover, the special assessment roll shows that the Township charged the assessment per parcel, not per owner, contrary to Speicher's suggestion that multiple parcels owned by the same owner were assessed per owner, not per parcel.